[No. F002796. Fifth Dist. Apr. 19, 1984.]

In re ANTHONY R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY R., Defendant and Appellant.

**COUNSEL**

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and Nancy Sweet, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—This juvenile appeal deals with a post-Proposition 8 construction of Penal Code section 666. The section states: "Every person who, having been convicted of petit theft, grand theft, burglary, or robbery and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, is subsequently *convicted* of petit theft, then the person *convicted* of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." (Italics added.)

■ ■■■ The 17-year-old appellant was continued as a ward of the court pursuant to a sustained supplemental petition filed February 23, 1983, charging appellant with committing a petit theft, "having been previously convicted of the crime of Petty Theft on the 7th day of July, 1981, in the Juvenile Court of the Superior Court of the State of California and having thereafter served a term therefor in a penal institution and having been

*Before Brown (G. A.), P. J., Zenovich, J., and Andreen, J.

imprisoned therein as a condition of probation for said offense, thereby violating Section 666 of the Penal Code of California, a felony."[1]

Appellant, a California Youth Authority (CYA) parolee, was recommitted to the CYA on May 24, 1983, for a term not to exceed three years (Pen. Code, §§ 666, 18; Welf. & Inst. Code, §§ 726, 731); if he had been continued as a ward solely on the basis of the instant sustained petit theft, his maximum term of commitment would have been six months (Pen. Code, § 490; Welf. & Inst. Code, §§ 726, 731).

 Appellant now alleges, that as a matter of law, he could not be found to have violated Penal Code section 666. We agree.

Appellant, age 15 on July 7, 1981, was never "convicted" of a burglary (see fn. 1) that date. Nor was appellant, age 17 on May 10, 1983, "convicted" of a petit theft on that date. Both hearings were juvenile court jurisdictional hearings at which allegations of supplemental petitions of the juvenile court were found to be true. As a result, appellant's juvenile court wardship was continued on both occasions.

Welfare and Institutions Code section 203 provides that "[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." Contrary to respondent's argu-

---

[1]Appellant was *not* adjudicated a ward pursuant to a petit theft finding on July 7, 1981. An allegation of petit theft was contained in a four count petition dated June 29, 1981, alleging appellant had committed three counts of burglary and one count of petit theft. At the jurisdictional hearing on July 7, 1981, appellant admitted two of the burglary counts and denied the petit theft. As to that petition, the court only found true the two burglaries so admitted.

Appellant's commitment to the California Youth Authority was based upon the two sustained burglaries plus findings pertaining to vehicle theft and driving without a license stemming from two other petitions. A joint dispositional hearing was held as to the sustained allegations of all three petitions on July 21, 1981, at which time no term of commitment was imposed for a petit theft offense.

Without specifically raising the point, the deputy attorney general appears to try to rectify the problem by noting at the time of the petit theft "conviction" appellant was "convicted" of "burglary involving theft," and thereafter refers to the prior "conviction" as a "burglary/theft." The testimony of a probation officer at the instant jurisdictional hearing established appellant had sustained two prior "convictions" for burglary; the officer noted appellant's record did not reflect a prior petit theft "conviction."

Defense counsel below never objected to the variance between the proof at hearing and the petition as alleged, i.e., a prior burglary versus a prior petit theft. (See Pen. Code, § 666, *ante*.) As noted in *Quezada* v. *Hart* (1977) 67 Cal.App.3d 754, 761 [136 Cal.Rptr. 815], "The virtually unanimous rule in California is that variance between pleading and proof does not constitute error where no prejudice is shown and no objection to evidence . . . has been made in the trial court." The variance was thus waived below and does not constitute an issue in this appeal. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1061, p. 2637 and cases cited therein.)

ment, Welfare and Institutions Code section 203 is more than a "legal fiction." As recently noted by our Supreme Court in *In re Joseph B.* (1983) 34 Cal.3d 952, 955 [196 Cal.Rptr. 348, 671 P.2d 852]: "By its terms, Penal Code section 1237.5 does not apply to minors. The statute refers to *defendants* who stand *convicted* upon a *guilty or nolo contendere plea.* Further, minors charged with violations of the Juvenile Court Law are not 'defendants.' They do not 'plead guilty,' but admit the allegations of a petition. Moreover, 'adjudications of juvenile wrongdoings are not "criminal convictions."'" (*Leroy T.* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, 439 . . . .) [Citation of Welf. & Inst. Code, § 203.]"

Welfare and Institutions Code section 203, by its clear terms, mandates the conclusion that since appellant was "convicted" of neither the present nor the prior offense, Penal Code section 666 cannot possibly apply to him. However, respondent appears to argue that subdivision (f) of article I, section 28 of the California Constitution[2] (a part of the Victims' Bill of Rights (Prop. 8) eff. June 9, 1982) has converted juvenile court adjudications into criminal convictions for purposes of Penal Code section 666, or perhaps all purposes, and thus superseded the mandate of Welfare and Institutions Code section 203. For reasons we will state, this assertion is singularly unpersuasive.[3]

Subdivision (f) of article I, section 28 provides: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

It is apparent that the first sentence of subdivision (f) addresses the use of prior convictions for one of two specific, narrow purposes, impeachment or enhancement, neither of which is involved in the present case. It is patent that appellant's prior adjudication is not being used for impeachment purposes. It is equally clear that it is not being used to enhance.

The term "enhancement" has a well-established meaning in California law. It is defined as "an additional term of imprisonment added to the base term" for the particular offense. (Rule 405(c), Cal. Rules of Court; see *People* v. *Lawson* (1980) 107 Cal.App.3d 748, 754 [165 Cal.Rptr. 764].) ▮ In the operation of Penal Code section 666 a prior conviction for an

---

[2]All further article/section references are to the California Constitution.

[3]Respondent's argument concerning subdivision (f) of article I, section 28 is rather non-specific. Therefore, we will simply attempt to explain all of the reasons why the amendment is inapplicable in the instant case.

offense specified in that section does not work as an enhancement, i.e., cause an additional term of imprisonment to be added to the base term for petit theft. Rather, it is a necessary element of an entirely different statutory offense. It transforms what otherwise would be a misdemeanor into a hybrid felony misdemeanor, with a greatly increased maximum penalty.

■ It is worth noting that even if respondent's Proposition 8 "conversion" interpretation were adopted, subdivision (f) of article I, section 28 covers the use of *prior* convictions. It could not possibly be authority for transforming appellant's *current* adjudication into a conviction. This being the case, Penal Code section 666 would remain inapplicable to appellant.

Although it is not entirely clear, respondent's argument may be not that subdivision (f), of article I, section 28 applies literally to our case but that it evinces a broad, albeit implied, electoral intent to do away with Welfare and Institutions Code section 203 entirely. ■ As stated in *People v. West* (1984) *ante,* page 100 [201 Cal.Rptr. 63] which rejected a much less ambitious argument, implied repeals are not favored and will not be found unless no rational basis appears for harmonizing the two laws. Here, as it was explained in *People v. West, supra,* there is no conflict to harmonize: "The juvenile court is empowered to determine that a minor over the age of 16 is not a fit and proper subject to be dealt with under the juvenile court law. (Welf. & Inst. Code, § 707.) If such a finding of unfitness is made, the minor may be certified to a court of *criminal jurisdiction* and the district attorney acquires the authority to prosecute the juvenile according to the laws applicable to a criminal case. (Welf. & Inst. Code, § 707.1, subd. (a).) In this manner, a *juvenile* person may suffer a 'felony conviction' in a 'criminal proceeding,' and the use of the word 'juvenile' in article I, section 28, subdivision (f) is given meaning consistent with Welfare and Institutions Code section 203." (At p. 108, original italics.)

■ Our position that the Victims' Bill of Rights did not intend to transform juvenile adjudications into criminal convictions is further supported by language found in other portions of the amendment which draws a distinction between juvenile and adult court proceedings. (See, e.g., subd. (d), of article I, § 28, ". . . relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court"; and subd. (a) of newly added Pen. Code, § 25, dealing with the abolition of the defense of diminished capacity, "In a criminal action, as well as any juvenile court proceeding, . . .") We note other language in the same amendment appears to equate

the two types of actions. (See, e.g., subd. (b) of Pen. Code, § 25 dealing with the abolition of the diminished capacity defense, "In any criminal proceeding, including any juvenile court proceeding, . . .") All this leads us to comment that portions of Proposition 8 suffer from inartful wording, or perhaps more precisely, shoddy drafting.

Otherwise stated, as Justice Gates explained in a discussion of Welfare and Institutions Code section 702 in *In re Michael S.* (1983) 141 Cal.App.3d 814, 817 [190 Cal.Rptr. 585]: ■ "[I]t must be stressed that despite the unfortunate language utilized in section 702, various superior court 'minute order' forms, cited appellate court decisions, and even subdivision (f) of article I, section 28, of the California Constitution itself, 'declare' as it may, a court can never actually convert a juvenile proceeding *into* a criminal one, nor transform the conduct that led to a minor's wardship into either a 'felony' or a 'misdemeanor.' In such an action a minor is not charged with a crime, tried for a crime, nor convicted of a crime. (Welf. & Inst. Code, § 203, *T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767, 775-776 . . .; *In re Tony S.* (1978) 87 Cal.App.3d 429, 432-433 . . .; *In re Leonard R.* (1977) 76 Cal.App.3d 100, 104 . . . .)" (Fns. omitted.)

■ The primary goal in construing constitutional amendments is to "avoid absurd results and to fulfill the apparent intent of the framers." (*Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281].) ■ We do not believe it was the intent of the drafters of Proposition 8 to abrogate a linchpin of the Juvenile Court Law—the distinction between a criminal conviction and a juvenile adjudication.

As a matter of law, the minor's continued wardship was erroneously based upon a finding his conduct came within the provisions of Penal Code section 666.[4]

The jurisdictional finding of May 10, 1983, is modified to reflect a finding appellant came within the provisions of Welfare and Institutions Code section 602 as a result of conduct described in Penal Code section 490, that is, petit theft. The dispositional order of May 24, 1983, is reversed and the

---

[4] It is unnecessary for our resolution of this case to address the question of whether service of a term of commitment in the CYA for burglary constitutes "having served a term therefor in any penal institution" within the meaning of Penal Code section 666.

cause is remanded to the juvenile court for a new dispositional hearing consistent with the principles stated herein.[5]

---

[5]The minor has already served a commitment period at CYA beyond the six-month maximum commitment term for petit theft. He entered the Stockton facility on August 25, 1983, and was still residing there as of March 1, 1984. However, the matter of any remaining parole period under the minor's July 21, 1981, CYA commitment remains to be resolved.