[No. A112502. First Dist., Div. Five. Dec. 14, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC JOHNSON, Defendant and Appellant.

## COUNSEL

L. Richard Braucher, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BRUINIERS, J.**[*]—Appellant, pro se, was convicted by jury of indecent exposure. This offense was a felony by virtue of appellant having suffered prior convictions for the same offense. (Pen. Code, § 314, subd. 1.[1]) Additionally the jury found to be true the allegations that appellant had suffered two prior convictions (also for indecent exposure with a prior) resulting in separate prison terms. (§ 667.5, subd. (b).) Appellant was subsequently sentenced to a state prison term, consecutive to the sentence previously imposed in an unrelated matter, of two years eight months, including a year for each prior prison term, pursuant to section 667.5, subdivision (b). This appeal followed.

Appellant contends that: (1) the statute of limitations for the offense of which he was convicted had lapsed prior to initiation of proceedings against him, and (2) the finding as to one of the allegations under section 667.5, subdivision (b) must be stricken since he had not completed that prison term as of the time of trial.

We agree that one of the sentencing enhancement allegations must be stricken, and will modify appellant's sentence accordingly. We otherwise affirm.

---

[*]Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] "Every person who willfully and lewdly, either: 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; . . . is guilty of a misdemeanor. [¶] Every person who violates subdivision 1 of this section after having entered, without consent, an inhabited dwelling house, or trailer coach as defined in Section 635 of the Vehicle Code, or the inhabited portion of any other building, is punishable by imprisonment in the state prison, or in the county jail not exceeding one year. [¶] Upon the second and each subsequent conviction under subdivision 1 of this section, or upon a first conviction under subdivision 1 of this section after a previous conviction under Section 288, every person so convicted is guilty of a felony, and is punishable by imprisonment in state prison." (Pen. Code, § 314, subd. 1.)

All statutory references hereafter are to the Penal Code unless otherwise noted.

## I. *FACTS AND PROCEDURAL HISTORY*

On March 8, 2004, appellant was an inmate confined to the Department of Corrections facility at Pelican Bay. He was classified as a level IV inmate, and placed in the security housing unit. On that date, Correctional Officer Dawn Melton was assisting in the pickup of trash and trays from the evening meal when she observed appellant in his cell masturbating with the brightest cell lights turned on, while making eye contact with her. Officer Melton further testified, without objection, to two prior incidents in which appellant had masturbated in front of her.[2]

Appellant was charged by complaint with the instant offense on March 1, 2005.[3] For unexplained reasons, he was not arraigned on the complaint until September 22, 2005, at which time he entered a plea of not guilty, and counsel was appointed to represent him. A preliminary hearing was scheduled for October 6, 2005. On October 6 appellant waived time for conduct of the preliminary hearing, and the matter was continued to October 20, 2005. On October 20, appellant's request to further continue the preliminary hearing was denied, and he was held to answer on the violations of section 314, subdivision 1.[4] An information charging only the March 8, 2004 offense, and adding the sentencing enhancements under section 667.5, subdivision (b) was filed on October 24, 2005. Appellant was arraigned on the information and entered a plea of not guilty on October 27, 2005.

On November 3, 2005, appellant appeared before Judge Weir, stating that he wished to make a *Marsden*[5] motion. Appellant then advised the court that he wished to represent himself.[6] After confirming appellant's competency for self-representation, the court granted the motion, denied appellant's request to continue the trial, denied appellant's oral motion to dismiss, and accepted his peremptory challenge under Code of Civil Procedure section 170.6.

Trial proceeded before a jury on November 8, 2005. As discussed above, Officer Melton was the only prosecution witness. The prosecution introduced certified abstracts documenting appellant's prior convictions as alleged in the

---

[2] The court stated that it would admit the evidence pursuant to Evidence Code section 1101, subdivision (b) to show appellant's intent, and so instructed the jury.

[3] The complaint charged appellant with two separate felony counts under section 314, subdivision 1, occurring on March 8, 2004, and November 14, 2004, pleading the prior convictions in each charge. A third count charged appellant with a violation of section 69. The sentencing enhancements were not alleged.

[4] Count III was dismissed by the district attorney.

[5] *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

[6] See *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].

information.[7] Appellant presented no evidence. After deliberations of approximately 25 minutes, the jury returned verdicts finding appellant guilty of the charged violation of section 314, subdivision 1, and finding both sentencing enhancement allegations to be true.

On December 8, 2005, appellant was sentenced to a state prison term of two years eight months (one-third of the two-year base term, plus one year for each prior prison term, pursuant to section 667.5, subdivision (b)), consecutive to the sentence for which appellant was already incarcerated. (See § 1170.1, subd. (c).) His notice of appeal was filed the same day.

## II. *DISCUSSION*

### A. The Statute of Limitations

Appellant contends that because the underlying conduct for which he was convicted (indecent exposure) is a misdemeanor in the absence of his prior convictions for that offense, the misdemeanor statute of limitations of one year (§ 802, subd. (a))[8] applies to this offense, rather than the general felony statute of limitations of three years. (§ 801.)[9] Since the charging information was not filed until October 24, 2005, more than one year after the March 8, 2004, offense date, he argues that prosecution was barred, and the conviction must therefore be reversed. (See *People v. Williams* (1999) 21 Cal.4th 335 [87 Cal.Rptr.2d 412, 981 P.2d 42]; *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371 [58 Cal.Rptr.2d 458, 926 P.2d 438] [statute of limitations issues are jurisdictional and can be raised anytime].)

#### 1. *The Issue Is Not Moot*

■ The Attorney General argues that it is irrelevant whether the one-year or three-year statute applies in this instance, since prosecution for these offenses was initiated by filing a complaint on March 1, 2005. This is incorrect. A felony prosecution is not "commenced" for purposes of the statute of limitations upon the mere filing of a felony complaint. (*People v. Terry* (2005) 127 Cal.App.4th 750, 767–769 [26 Cal.Rptr.3d 71]; *People v. Angel* (1999) 70 Cal.App.4th 1141, 1145–1150 [83 Cal.Rptr.2d 222] (*Angel*).)

■ The authority cited by the Attorney General, *People v. Smith* (2002) 98 Cal.App.4th 1182 [120 Cal.Rptr.2d 185] (*Smith*), does not hold otherwise. In

---

[7] As discussed *post*, appellant has multiple convictions resulting in prison terms, only two of which are at issue in this matter.

[8] Prosecution for an offense "not punishable by death or imprisonment in the state prison shall be commenced within one year after commission of the offense." (§ 802, subd. (a).)

[9] "Except as provided in Sections 799 and 800, prosecution for an offense punishable by imprisonment in the state prison shall be commenced within three years after commission of the offense." (§ 801.)

*Smith* the Sixth District, addressing a claim that the six-year statute of limitations for violations of section 288, subdivision (a) barred at least some of the offenses charged against the defendant, noted without discussion or further comment the filing date of the initial charging complaint, and then further noted that "an arrest warrant issued on that date, which fixed the date of commencement of the prosecution as well as the ending date of the statute of limitations. (§ 804.)" (*Smith, supra*, at p. 1186.) Section 804, cited by the court in *Smith*, provides that prosecution for an offense is commenced for purposes of the statute of limitations "when any of the following occurs: [¶] (a) An indictment or information is filed. [¶] (b) A complaint is filed charging a misdemeanor or infraction. [¶] (c) A case is certified to the superior court. [¶] (d) An arrest warrant or bench warrant is issued, provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint." It was the arrest warrant (as provided under § 804, subd. (d)), and not the complaint (which commences prosecution of a misdemeanor or infraction under section 804, subd. (b)) which commenced the felony prosecution in *Smith*. (See also *People v. Martinez* (2000) 22 Cal.4th 750, 764–765 [94 Cal.Rptr.2d 381, 996 P.2d 32] [confirming the rule that the general felony statute of limitations may be satisfied by the issuance of an arrest warrant].)

The Attorney General also suggests that a court order of March 7, 2005, to transport appellant to court for prosecution is somehow relevant in determining the commencement date of the prosecution. Again, we disagree. The transportation order is not a substitute for a warrant, particularly since the legislative history suggests that the Legislature, in enacting section 804, intended to require a finding of probable cause by a neutral judicial officer or body within the limitations period. (*Angel, supra*, 70 Cal.App.4th at pp. 1146, 1150.)[10] There is no indication that the transportation order was anything other than a ministerial act, not resulting from any judicial review of the merits of the charges against appellant.[11]

### 2. *The Three-year Felony Statute of Limitations Applies to Section 314, Subdivision 1*

■ The statute under which appellant was convicted provides in pertinent part that "Every person who willfully and lewdly . . . [e]xposes his person, or

---

[10] In enacting section 802.5, the predecessor statute to section 803 (regarding tolling of the limitations periods), an earlier version of the bill, which would have required only that a complaint be filed in the municipal or justice court within the limitations period, was rejected because of concern that this would dispense with a probable cause requirement. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 311 (1981–1982 Reg. Sess.) as amended Apr. 1, 1981.)

[11] In *Angel*, the court noted an apparent statutory "gap" between sections 803, subdivision (b) and 804 where, as here, a felony complaint has been filed, but no warrant issued, creating anomalies in tolling of the limitations period. (*Angel, supra*, 70 Cal.App.4th at p. 1150.)

the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . is guilty of a misdemeanor." (§ 314, subds. 1 & 2.) However, if the offense is committed after unauthorized entry into an inhabited dwelling house, or if, as here, the offender has one or more prior convictions for violation of section 314, subdivision 1 (or under § 288) the offense is punished as a felony.[12] The question we must decide is whether the misdemeanor or felony statute of limitations applies where the offense is charged as a felony based upon the fact that the defendant has one or more prior convictions for violation of section 314, subdivision 1.

Following comprehensive review by the California Law Revision Commission, the Legislature, in 1984, enacted a revised statutory scheme of criminal statutes of limitations, embodied in sections 799–805. (*People v. Turner, supra,* 134 Cal.App.4th at pp. 1594–1595 (*Turner*).) In determining the applicable limitations period, this scheme focuses on the seriousness of the offense, as evidenced by the maximum punishment prescribed.[13] (*Ibid.*) In determining the maximum punishment prescribed by statute for an offense, "Any enhancement of punishment prescribed by statute shall be disregarded . . . ." (§ 805, subd. (a).)

Appellant contends that the felony punishment applicable to recidivist offenders under section 314, subdivision 1 is an "enhancement" of punishment that cannot be considered in defining the "maximum punishment" under that section, and that the maximum punishment prescribed by the statute, without regard to such "enhancements" is therefore one year in county jail, subject to the one-year limitations period prescribed by section 802, subdivision (a). In urging this interpretation and application of section 805, appellant relies upon the decision of this district in *Turner. Turner*, however, is distinguishable.

*Turner* did not address the question presented here, i.e., the limitations period applicable to "hybrid" statutes providing for misdemeanor or felony treatment depending upon the presence or absence of aggravating factors. *Turner* dealt with the interpretation and application of sections 799 and 805, where the defendant was charged with an offense under the three strikes law (§ 1170.12), and that offense (first degree residential robbery) was alleged to

---

[12] If the offender enters an inhabited dwelling without consent to commit the offense, the offense is a "wobbler," with alternate felony/misdemeanor punishments provided. The statute of limitations for a wobbler is the felony limitations period, even if charged as a misdemeanor. (*People v. Soni* (2005) 134 Cal.App.4th 1510 [36 Cal.Rptr.3d 864] (*Soni*); see also *People v. Turner* (2005) 134 Cal.App.4th 1591, 1594 [36 Cal.Rptr.3d 888].)

[13] "For the purpose of determining the applicable limitation of time . . . . [¶] (a) An offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed." (§ 805, subd. (a).)

have occurred more than three years before the information was filed. The three strikes law provides an alternative sentencing scheme for habitual offenders. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 527 [53 Cal.Rptr.2d 789, 917 P.2d 628].) The trial court had denied a motion to dismiss the robbery count on the grounds that the offense, coupled with findings that the charged prior serious felony convictions were true, would be subject to an indeterminate term of 25 years to life in prison (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)) and could therefore be prosecuted at "any time" under section 799.[14] (*Turner, supra*, 134 Cal.App.4th at p. 1596.) The court reversed as to this count, holding that for purposes of determining the applicable statute of limitations the maximum punishment is the punishment prescribed for the offense itself, and that "the indeterminate life term under the Three Strikes law is not, within the meaning of *section 805*, 'the maximum punishment prescribed by statute *for the offense* [italics added].' " (*Turner, supra*, at pp. 1597–1599, first italics added.)

Since both sides conceded that the three strikes law was not an "enhancement" within the meaning of section 805, subdivision (a), it was not necessary to interpret that term as used in the statute. (*Turner, supra*, 134 Cal.App.4th at pp. 1597–1599.) The court focused instead on the definition of the "offense" and held that the plain terms of sections 799 and 805 describe a limitations period based upon the maximum punishment for "the offense," which was the crime of first degree robbery. The underlying robbery statute (§ 213)[15] provides for punishments ranging up to nine years in state prison, depending on the circumstances of the offense, but does not by its terms allow for an indeterminate sentence, without resort to the habitual criminal statutes. The maximum punishment for that "offense," therefore, was set forth in section 213, and the three-year period set forth in section 801 applied. (*Turner, supra*, 134 Cal.App.4th at p. 1600.) In considering legislative intent, the court also observed that the comment to section 799 specifically noted that habitual offender enhancements were to be disregarded in determining the maximum penalty. (*Turner, supra*, at p. 1600, fn. 5.)

---

[14] "Prosecution for an offense punishable by death or by imprisonment in the state prison for life or for life without possibility of parole, or for the embezzlement of public money, may be commenced at any time." (§ 799.)

[15] "Robbery is punishable as follows: [¶] (1) Robbery of the first degree is punishable as follows: [¶] (A) If the defendant, voluntarily acting in concert with two or more other persons, commits the robbery within an inhabited dwelling house, a vessel as defined in Section 21 of the Harbors and Navigation Code, which is inhabited and designed for habitation, an inhabited floating home as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, a trailer coach as defined in the Vehicle Code, which is inhabited, or the inhabited portion of any other building, by imprisonment in the state prison for three, six, or nine years. [¶] (B) In all cases other than that specified in subparagraph (A), by imprisonment in the state prison for three, four, or six years. [¶] (2) Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years." (§ 213.)

■ Appellant urges a broader reading of *Turner*, suggesting that *any* statutory use of prior convictions to increase punishment necessarily relates not to the punishment prescribed by statute for the *offense,* but only to the circumstances of a particular *offender. Turner* interpreted section 805 only in the context of the three strikes law and application of the limitations period provided under section 799. "An opinion is not authority for a point not raised, considered, or resolved therein." (*Styne v. Stevens* (2001) 26 Cal.4th 42, 57 [109 Cal.Rptr.2d 14, 26 P.3d 343].) *Turner* has no direct application in this context before us.

Again, the question before us is the applicable limitations period under the felony provisions of section 314, subdivision 1, considering "the maximum punishment prescribed by statute for the *offense,*" and in doing so disregarding "[a]ny *enhancement* of punishment prescribed by statute." (§ 805, subd. (a), italics added.)

■ "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose." (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129]; see *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572 [88 Cal.Rptr.2d 19, 981 P.2d 944].) If the statute is clear, the Legislature is presumed to have meant what it said and the plain meaning of the language governs. (*Great Lakes Properties, Inc. v. City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].)

■ As noted in *Turner*, "the primary recommendation of the Law Revision Commission that the length of a 'limitations statute should generally be based on the seriousness of the crime.' (17 Cal. L. Revision Com. Rep. (1984) p. 313.)" (*Turner, supra,* 134 Cal.App.4th at p. 1594.) The commission suggested that the seriousness of an offense could easily be determined in the first instance by the classification of the crime as a felony rather than a misdemeanor. (*Id.* at p. 1595.) In this instance, section 314, subdivision 1 is a hybrid offense, classified as a misdemeanor or felony, with greatly increased maximum punishment, dependent upon the presence or absence of certain factors. (See *In re Anthony R.* (1984) 154 Cal.App.3d 772, 777 [201 Cal.Rptr. 299] (*Anthony R.*).)

Those additional factors which prescribe the more serious felony punishment include commission of the offense after unauthorized entry into a residence, and prior related convictions, evidencing a legislative judgment that these factors in combination constitute a more serious felony *offense.* (See *People v. Rehmeyer* (1993) 19 Cal.App.4th 1758, 1768 [24 Cal.Rptr.2d 321] [interpreting the statutory provision for felony aggravation of residential indecent exposure as legislative recognition of the more serious nature of such acts].)

■ We agree with the conclusion expressed in *Turner* that the maximum punishment prescribed by "statute for the *offense*" logically refers to the maximum punishment for the current offense for which the defendant is being prosecuted, and to which he may assert the bar of the statute of limitations. (*Turner, supra,* 134 Cal.App.4th at p. 1598.) The maximum punishment specifically prescribed under section 314, subdivision 1 is imprisonment in state prison.

The ultimate issue is whether the existence of a prior conviction for a violation of section 314, subdivision 1, which elevates the current violation to felony status is an "enhancement" within the meaning of section 805 that must be disregarded in determining the "maximum punishment." We conclude that it is not.

■ The term "enhancement" has a well-defined meaning. "The term 'enhancement' is narrowly defined as 'an additional term of imprisonment added to the base term' (Cal. Rules of Court, rule 405(c).)" (*People v. Whitten* (1994) 22 Cal.App.4th 1761, 1766 [28 Cal.Rptr.2d 123] (*Whitten*); see also *People v. San Nicolas* (1986) 185 Cal.App.3d 403, 407 [229 Cal.Rptr. 650] (*San Nicolas*); *Anthony R., supra,* 154 Cal.App.3d at p. 776.) That the Legislature intended this definition in enacting the new criminal limitations scheme is reflected in the 1984 Law Revision Commission Comment that, under section 805, "The punishment for an offense is determined without regard to enhancements over the base term for the purpose of determining the relevant statute of limitation. See, e.g., [sections] 666–668 (enhancement of punishment for habitual criminals). For the definitions of 'base term' and 'enhancement' see Rules of Court 405." (Cal. Law Revision Com. com., West's Ann. Pen. Code (1985 ed.) foll. § 805, pp. 213–214.) The term "enhancement" then, as recognized in case law and as used in section 805, subdivision (b), is defined by reference to California Rules of Court, former rule 405 [renumbered as Cal. Rules of Court, rule 4.405 in 2001], which in turn defines "enhancement" as an additional term of imprisonment added to the base term. (Cal. Rules of Court, rule 4.405(c).) "Base term" is defined as "the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed." (Cal. Rules of Court, rule 4.405(b).)
■ We find that the aggravating circumstances which make violation of section 314, subdivision 1 a more serious offense and thereby a felony, including the recidivist provisions, do not meet the definition of "enhancements" as that term is used in section 805, and therefore do not limit consideration of the statutory maximum state prison punishment otherwise provided for this offense in assessing the limitations period for prosecution.

While no reported case has yet addressed the precise question raised by appellant here, at least two courts have considered the applicable limitations

period under a similar statutory scheme embodied in section 647.6 (formerly § 647a), and concluded that the felony limitations period should apply. That statute provides misdemeanor punishment for annoying or molesting a child under 18 years of age. (§ 647.6, subd. (a).)[16] As under section 314, subdivision 1, however, alternate felony/misdemeanor punishment is provided for a section 647 residential offense (§ 647.6, subd. (b)), and felony punishment is prescribed for repeat offenders. (§ 647.6, subd. (c).) In *San Nicolas, supra,* 185 Cal.App.3d 403, the Third District, interpreting former section 647a, rejected the argument that the one-year statute of limitations applied to prosecution brought on felony charges under the recidivist provisions the statute, noting that the construction urged by appellant would lead to "absurd results." (*San Nicolas, supra,* at p. 408.)

In a related context, while not addressing the statute of limitations, the Fifth District, in *Whitten, supra,* 22 Cal.App.4th 1761, held that what it termed the "elevating language" of section 647.6, providing for felony punishment, was neither an enhancement nor an element of the offense, thus permitting consideration of the defendant's prison sentence for his prior conviction as an aggravating factor in his current sentence. (*Whitten, supra,* at p. 1765.)[17]

---

[16] The statute provides, in pertinent part: "(a) Every person who annoys or molests any child under the age of 18 shall be punished by a fine not exceeding one thousand dollars ($1,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment. [¶] (b) Every person who violates this section after having entered, without consent, an inhabited dwelling house, or trailer coach as defined in Section 635 of the Vehicle Code, or the inhabited portion of any other building, shall be punished by imprisonment in the state prison, or in a county jail not exceeding one year. [¶] (c)(1) Every person who violates this section shall be punished upon the second and each subsequent conviction by imprisonment in the state prison. [¶] Every person who violates this section after a previous felony conviction under Section 261, 264.1, 269, 285, 286, 288a, 288.5, or 289, any of which involved a minor under the age of 16 years, or a previous felony conviction under this section, a conviction under Section 288, or a felony conviction under Section 311.4 involving a minor under the age of 14 years shall be punished by imprisonment in the state prison for two, four, or six years." (§ 647.6.)

[17] In *Whitten,* the court, relying on *People v. Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076] (holding that § 666 was a "sentence-enhancing" statute, and did not constitute an "element" of felony petty theft) opined that *Bouzas* necessarily disapproved *San Nicolas* to the extent that it implied that the prior felony was an element of a recidivist felony violation of section 647a. (*Whitten, supra,* 22 Cal.App.4th at p. 1765, fn. 6.) Whether or not that assessment is correct, it does not alter the result in *San Nicolas,* which has not been expressly overruled. Those cases, such as *Bouzas,* that have addressed "sentence enhancing factors" elevating otherwise misdemeanor offenses to felony status based on prior related convictions have generally dealt with separate statutes providing for such punishment. (See also *People v. Coronado* (1995) 12 Cal.4th 145, 152 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; *People v. Weathington* (1991) 231 Cal.App.3d 69, 87–90 [282 Cal.Rptr. 170] [felony driving under the influence provisions of Veh. Code, former § 23175 are penalty provisions and do not prescribe elements of the underlying offense.].) We express no opinion as to the limitations periods applicable under those circumstances.

More recently, the Second District addressed the statute of limitations question (under § 647.6) in *People v. McSherry* (2006) 143 Cal.App.4th 598 [49 Cal.Rptr.3d 389]. Appellant there also contended that because the conduct underlying his conviction would otherwise be a misdemeanor in the absence of prior convictions, the one-year limitations period would bar his prosecution on charges brought beyond that time, relying upon *Turner* for this proposition. The court disagreed, finding the reasoning of *San Nicolas* persuasive and *Turner* distinguishable, as do we. In the section at issue in *McSherry* (as in the statute before us) the maximum term prescribed *by the statute* is imprisonment in the state prison,[18] and the applicable statute of limitations was therefore determined to be three years.

The statutory scheme of section 314, subdivision 1 is virtually identical to that embodied in section 647.6 to the extent that it provides for elevation to felony status under certain circumstances, including prior similar convictions. We agree with the *San Nicolas* court that to apply the misdemeanor limitations period would lead to absurd results not intended by the Legislature. (*San Nicolas, supra*, 185 Cal.App.3d at p. 408.) For example, since a "wobbler" offense is subject to the felony limitations period (*Soni, supra*, 134 Cal.App.4th 1510), a defendant could be charged with residential indecent exposure (which expressly adds an additional element of the *offense*) as a misdemeanor within three years of the commission, but prosecution for what the Legislature has determined to be a more serious straight felony (when there is a conviction for prior similar conduct), would have to be brought within a year. That is not a result that the Legislature could have contemplated or intended.

We conclude that the statute of limitations applicable to a felony violation of section 314, subdivision 1 is the three-year period provided under section 801, and not the shorter misdemeanor term under section 802.

B. *The Sentencing Enhancements Under Section 667.5, Subdivision (b)*

Appellant contends that the one-year enhancement imposed pursuant to section 667.5, subdivision (b) based on appellant's 2000 prison sentence must be stricken. The Attorney General concedes the point and we agree.

The information filed against appellant charged two special enhancement allegations based on felony convictions and resulting prison sentences from

---

[18] "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years . . . ." (§ 18.)

San Francisco County in 1993, and from Del Norte County in 2000. The evidence at trial established that appellant had suffered several prior felony convictions resulting in sentences to the Department of Corrections. He was first committed to the Department of Corrections by the San Francisco Superior Court in March 1993 on a 16-month sentence felony indecent exposure. While in the custody of the Department of Corrections, appellant apparently committed several new offenses, resulting in conviction on October 21, 1994 (after his discharge) of 17 additional counts of felony indecent exposure, and a sentence of 12 years four months. On October 19, 2000, he was convicted in Del Norte County of eight more counts of felony indecent exposure, based on conduct, as here, at the Pelican Bay prison facility, with a consecutive sentence of five years four months imposed. On February 5, 2004, he was convicted in Del Norte County of 10 further counts of violation of section 314, subdivision 1, receiving a prison term of four years eight months.[19]

In sentencing appellants on this matter, the trial court imposed two consecutive one-year sentence enhancements pursuant to section 667.5, subdivision (b),[20] which provides that "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony . . . ."

However, a prior separate prison term for purposes of section 667.5 is defined as "a continuous *completed* period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes . . . ." (§ 667.5, subd. (g), italics added; see *People v. Jones* (1998) 63 Cal.App.4th 744, 746–747 [74 Cal.Rptr.2d 328].) A prior separate prison term is defined as that time period a defendant has spent actually incarcerated for his offense prior to release on parole. (*In re Kelly* (1983) 33 Cal.3d 267, 270 [188 Cal.Rptr. 447, 655 P.2d 1282].) As the Attorney General acknowledges, appellant had not yet completed his prison term arising from his October 2000 commitment. (While it is difficult to tell from the record before us, it is possible that appellant had not even *begun* to serve his term for the 2000 conviction, since all but his 1993 convictions are governed by section 1170.1, subdivision (c), requiring the term of imprisonment for new felony offenses committed while in prison to " 'commence from the time the person would otherwise have been released from prison,' "

---

[19] His release date prior to imposition of his current sentence and based on the consecutive terms for the 1994, 2000, and 2004 convictions was June 19, 2015.

[20] Once a prior prison term within the meaning of section 667.5, subdivision (b) is found true, the one-year enhancement is mandatory unless stricken. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 [17 Cal.Rptr.3d 596, 95 P.3d 865] (*Langston*).)

i.e., after completion of the original term. (*Langston, supra*, 33 Cal.4th at p. 1246.)) The additional one-year term imposed on the basis of this conviction must therefore be stricken.

### III. *DISPOSITION*

The judgment is modified to strike the one-year sentence enhancement for appellant's uncompleted prison term from his 2000 convictions, and is otherwise affirmed. The matter is remanded to the trial court for the limited purpose of correction of the abstract of judgment, and the forwarding of a corrected abstract to the Department of Corrections.

Jones, P. J., and Simons, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 11, 2007, S149674. George, C. J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.