Filed 3/10/14  P. v. Ritter CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RONALD RITTER,<br><br>    Defendant and Appellant. | F066186<br><br>(Super. Ct. No. F09101051)<br><br>**O P I N I O N** |

-------

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Jane Cardoza, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Gomes, J., and Poochigian, J.

A jury convicted appellant, Ronald Ritter, of possession of a weapon while confined in a penal institution (Pen. Code, § 4502, subd. (a)).[1] In a separate proceeding Ritter admitted five prior prison term enhancements (§ 667.5, subd. (b)) and allegations that he had three prior convictions within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On November 14, 2012, the court sentenced Ritter to an aggregate, indeterminate term of 30 years to life, 25 years to life on the substantive offense and five one-year prior prison term enhancements.

On appeal, Ritter contends:  1) his conviction must be reversed because section 4502 violates the equal protection clauses of the state and federal Constitutions; and 2) the court erred in imposing one of the five prior prison term enhancements.  We will find merit to this latter contention and modify the judgment accordingly.  In all other respects, we affirm.

## FACTS

Ritter was an inmate at Pleasant Valley State Prison in Fresno County and had been the sole occupant of his cell since December 15, 2008.  On May 14, 2009, during a search of his cell, a correctional officer found a piece of metal, one and a half inches long, that had been sharpened to a point.  The item had been taped to the underside of a shelf in Ritter's cell and was capable of being used as an offensive weapon.

## DISCUSSION

*The Equal Protection Claim*

Preliminarily, we conclude that Ritter forfeited his right to raise his equal protection claim on appeal because he did not raise it in the trial court.  (*People v.*

---

[1]     All further statutory references are to the Penal Code.

*Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.)  However, even if this claim were properly before us, we would reject it.

"The Fourteenth Amendment to the United States Constitution and article I, section 7, subdivision (a) of the California Constitution both prohibit the denial of equal protection of the laws.  'The equal protection guarantees of [both Constitutions] are substantially equivalent and analyzed in a similar fashion' [citation], and they unquestionably apply to penal statutes [citation].

""""Broadly stated, equal protection of the laws means 'that no person or class of persons shall be denied the same protection of the laws [that] is enjoyed by other persons or other classes in like circumstances in their lives, liberty and property and in their pursuit of happiness.' [Citation.]" [Citation.] ... Thus, ... a threshold requirement of any meritorious equal protection claim "is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. [Citation.]" [Citation.]  "This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" [Citation.]'  [Citations.]" (*People v. Cruz* (2012) 207 Cal.App.4th 664, 674.)

Section 4502 prohibits an inmate from possessing certain named weapons including "any dirk or dagger or sharp instrument[.]" (§ 4502, subd. (a).)  For inmates charged with possessing a dirk or dagger in prison who are tried by a jury the court must read the following portions of CALCRIM No. 2745:  "A dirk or dagger is a knife or other instrument, with or without a handguard, that is capable of ready use as a stabbing weapon that may inflict great bodily injury or death.  Great bodily injury means significant or substantial physical injury.  It is an injury that is greater than minor or moderate harm." (Bench Notes to CALCRIM No. 2745 (2013) p. 656.)  CALCRIM

3

No. 2745 *does not* require a similar instruction for inmates charged with possessing a sharp instrument that does not qualify as a dirk or dagger.

Ritter contends that because section 4502 applies to all prison inmates who possess a dirk or dagger and to all prison inmates who possess a sharp instrument, both classes of inmates are similarly situated "to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment." He further contends that these similarly situated inmates are treated differently because the court is only required to instruct on the definition of a dirk or dagger and the definition of great bodily injury if the state characterizes the sharp instrument as a dirk or dagger. Thus, according to Ritter, "section 4502 and ... CALCRIM [No. 2745] treat[] similarly situated … inmates differently depending on the state's arbitrary characterization of the sharp item the inmate possesses, i.e., a dirk, dagger or 'sharp instrument.'" In Ritter's view, there is no rational basis for treating these groups differently based on the state's characterization of the instrument possessed as a dirk or dagger or as a sharp instrument. Ritter is wrong.

Ritter assumes that the group of instruments designated "dirks or daggers" are coextensive with the group of instruments designated as "sharp instruments."[2] They are not. For purposes of section 4502, a dirk or dagger is defined as "a knife or other instrument, with or without a handguard, *that is capable of ready use as a stabbing weapon* that may inflict great bodily injury or death." (CALCRIM No. 2745, italics added.) However, a "sharp instrument" includes instruments that have a sharp edge like a razor or a sharp point but that do not qualify as a dirk or dagger because, like the short, sharpened piece of metal found in Ritter's possession, they may not be capable of being

---

**2**      Ritter cites dictionary definitions of dirk and dagger in support of his claim that all dirks and daggers are sharp instruments. However, here we are concerned with the legal definition of these items provided by section 4502, not with their dictionary definition.

4

used as a stabbing weapon. Accordingly, we reject Ritter's contention that inmates like him, who are found in possession of a sharp instrument are similarly situated to inmates who are found in possession of a dirk or dagger.

"The 'similarly situated' prerequisite simply means that an equal protection claim cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the distinction is justified." (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714.)

Since Ritter has not shown that he is similarly situated to inmates who are charged with possessing a dirk or dagger in violation of section 4502, we reject his equal protection claim on the merits as well.

### *The Prior Prison Term Enhancement*

Ritter contends the court improperly imposed a prior prison term enhancement for the prison term he was serving on his 2005 conviction in Alameda County for attempted murder because he had not completed that term yet when he committed the instant offense. Respondent concedes and we agree.

When Ritter committed the instant offense in 2009, section 667.5, subdivision (b) provided, "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; ..."

"[A] prior separate prison term for purposes of section 667.5 is defined as 'a continuous *completed* period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes ....' [Citations.] A prior separate prison term is defined as that time period a defendant has spent actually incarcerated for his offense prior to release on parole. [Citation.]" (*People*

5

*v. Johnson* (2006) 145 Cal.App.4th 895, 908.)  Ritter had not yet completed the term for his 2005 attempted murder conviction when he committed the underlying offense. Therefore, the court erred when it imposed a prior prison term enhancement based on that conviction.

## DISPOSITION

The judgment is modified to strike the one-year sentence enhancement imposed for the uncompleted prison term Ritter was serving for his 2005 attempted murder conviction and his sentence is reduced to 29 years to life, 25 years to life on the substantive offense and four prior prison term enhancements.  The trial court is directed to prepare an amended abstract of judgment that is consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.