Filed 11/13/14  P. v. Farley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073500 |
| v. | (Super. Ct. No. NCR84071) |
| STEPHEN WILLIAM FARLEY, | |
| Defendant and Appellant. | |

Following a court trial, the trial court convicted defendant Stephen William Farley of failing to register as a sex offender within five days of an address change (count I) and failing to inform the last registering agency within five days of moving to an unknown address or location (count III).  In addition, the trial court found true allegations that defendant had two prior strike convictions and had served a prior prison term, denied his request to dismiss one or both of the strikes, and sentenced him to an aggregate term of 27 years to life in state prison.

1

Defendant now contends (1) his sentence must be reduced from 27 years to life to 26 years to life, because he only served one prior prison term; (2) the trial court abused its discretion in denying his request to dismiss the prior strike allegations; and (3) defendant's sentence constitutes cruel and unusual punishment.

We conclude (1) defendant's sentence must be modified to strike one prior prison term enhancement from count I and count III; (2) the trial court considered the appropriate factors in denying defendant's request to dismiss the prior strike allegations, and it did not abuse its discretion in ruling that defendant does not fall outside the spirit of the three strikes law; and (3) defendant's sentence does not constitute cruel and unusual punishment.

We will modify the judgment and affirm the judgment as modified.

BACKGROUND

Defendant was required to register as a sex offender due to his 2001 conviction for forcible rape. Upon his release from prison in 2007, defendant moved to Tehama County and registered as a sex offender with the sheriff's office annually between 2007 and 2011. He also registered a change of address after he was released from custody in 2010. Defendant acknowledged the conditions of registration, one of which required registration in person within five days of an address change. He last registered with Tehama County in April 2011.

After defendant completed parole in July 2011, he moved to Oregon, taking his trailer home with him. In May 2012 he was arrested in Oregon for his failure to register.

Defendant testified that prior concussions and strokes adversely affected his memory. He acknowledged hearing testimony that when he had registered with the Tehama County Sheriff's Department, they would read the requirements for registration to him and get him to initial them; but he said he could not always hear what they were saying (although he did not tell them he could not hear them). He admitted receiving copies of the registration documents every time he registered.

2

Defendant claimed he attempted to register in Oregon but was told he needed Oregon identification. He testified that he sent a letter to the Tehama County Sheriff's Department saying he had moved, but he was arrested before he learned what happened with the letter. Defendant said it was his understanding that he only needed to register on his birthday and that he could do so by mail.

At the end of the trial, the trial court discussed *People v. Sorden* (2005) 36 Cal.4th 65 (*Sorden*). In that case, the defendant did not submit substantial evidence showing that because of an involuntary mental condition he lacked actual knowledge of his duty to register. Although the defendant in *Sorden* claimed his depression made it more difficult to remember to register, the California Supreme Court said sex offenders must take necessary measures "to remind themselves to discharge their legally mandated registration requirements. It is simply not enough for a defendant to assert a selective impairment that conveniently affects his memory as to registering, but otherwise leaves him largely functional." (*Sorden, supra,* 36 Cal.4th at p. 72.)

After discussing the *Sorden* case, the trial court found defendant guilty of failing to register as a sex offender within five days of an address change (Pen. Code, § 290.013, subd. (a) -- count I)[1] and failing to inform the last registering agency within five days of moving to an unknown location (§ 290.013, subd. (b) -- count III). The trial court acquitted defendant on count II. (§ 290.012, subd. (a).) The trial court found two prior strike allegations true: a 1991 assault with a firearm conviction and a 2001 forcible rape conviction. (§§ 667, subds. (b)-(i), 1170.12.) Moreover, on counts I and III, the trial court found a prior prison term allegation true. (§ 667.5, subd. (b).)

At the sentencing hearing, the trial court denied defendant's request to dismiss one or both of the prior strikes. Addressing count I, the trial court began by sentencing

---

[1] Undesignated statutory references are to the Penal Code.

defendant to an indeterminate term of 25 years to life in prison. The trial court then said two prior prison term enhancement allegations had been established at trial, and defendant's trial counsel agreed. The trial court imposed an additional two years in prison on count I based on the understanding that there were two prior prison term enhancements, stating that it was imposing "a total of 27-to-life as to Count I." The trial court imposed the same sentence on count III -- an indeterminate term of 25 years to life in prison, plus two years for two prior prison term enhancements -- but it stayed the sentence on count III pursuant to section 654.

DISCUSSION

I

Defendant contends his sentence must be reduced from 27 years to life to 26 years to life, because he only served one prior prison term. The Attorney General agrees.

The second amended information only alleged one prior prison term for count I, and only one prior prison term for count III. The trial court found only one prior prison term allegation true on each count. Thus, although the trial court could properly impose one prior prison term enhancement on count I and count III (see § 667.5, subd. (b); *People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Johnson* (2006) 145 Cal.App.4th 895, 908, fn. 20; *People v. Thomas* (2013) 214 Cal.App.4th 636, 640; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1562), it could not impose two prior prison term enhancements on each count.

We will modify the judgment to strike one prior prison term enhancement on count I and count III.

II

Defendant next contends the trial court abused its discretion in denying his request to dismiss one or both of the prior strike allegations. Defendant's request in the trial court was made pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

4

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony I*).)

A prior serious felony conviction can be dismissed only if the defendant falls "outside the . . . spirit" of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) In making that decision, a court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Ibid.*)

The People opposed defendant's request to dismiss one or both of the prior strike allegations, pointing out that defendant has a lengthy criminal record. His felony offenses include a federal prison commitment for moving stolen cars across state lines in 1969; a 1973 federal offense for escape; a 1991 assault with a firearm with personal use of a firearm (one of the strike offenses); and a 2000 forcible rape offense (the other strike offense). In addition, defendant had two parole violations (2006 and 2010) and he was recently discharged from parole when he committed the current offenses. The People argued that although defendant had a lifetime requirement to register as a sex offender, he

5

left California, moved to Oregon, and failed to register the move in either California or Oregon. Defendant had no remorse and blamed his lapse on health problems. Although defendant's current felonies were not as serious as his prior strike convictions, the People argued defendant was a danger to society, had not learned from his prior commitments, and continued to break the law.

Defendant argued, however, that he committed the strike offenses long ago and more than a decade apart. He denied being armed when he committed the rape. Moreover, in committing the current offenses he was not armed and caused no physical harm. He argued the current offenses were not serious or violent felonies and they did not involve sophistication. Citing *People v. Carmony* (2005) 127 Cal.App.4th 1066 (*Carmony II*), defendant asserted that because his prior strike convictions were remote in time and did not relate to his current offenses, there was no reason to believe he would commit crimes similar to the prior strike offenses in the future.

The trial court noted its obligation to consider defendant's background, character and prospects and determine if he is outside the spirit of the three strikes law. The trial court said it considered the evidence presented at trial plus the probation report, letters of reference, and two statements by defendant. In addition, it considered defendant's relationships, education, employment, drug use and crime. The trial court said defendant's criminal history did not appear to be a single period of aberrant behavior; rather, there was a 40-plus year history of criminal conduct including the two strikes. Under the circumstances, the trial court found that defendant was not outside the scope of the three strikes law and it denied his request to dismiss the prior strike allegations.

Defendant claims he is outside the spirit of the three strikes law because his current offenses were technical and victimless. Citing *People v. Cluff* (2001) 87 Cal.App.4th 991 (*Cluff*), defendant argues his "failure to register did not demonstrate an attempt to evade the authorities or obfuscate efforts to find him, but rather demonstrated a lack of understanding regarding his registration requirement." Defendant

6

also claims he did not pose a serious threat to the public because his strike prior in 2000 for forcible rape was a decade old, he had previously lived in the community without committing offenses from 1974 to 1991, he was old (62 years of age), and he had health and memory problems.

Defendant's reliance on *Cluff* does not assist him, because that case is inapposite. There, the Court of Appeal ruled the trial court abused its discretion in finding at sentencing that defendant had engaged in "obfuscation" regarding his whereabouts; the Court of Appeal held the evidence did not support such a finding. (*Cluff, supra*, 87 Cal.App.4th at p. 1002.) Here, however, the trial court's determinations were supported by the record. (See also *Carmony I*, *supra*, 33 Cal.4th at pp. 378-379 [*Cluff* inapposite; trial court in *Carmony I* did not abuse discretion in denying request to dismiss prior strike where factors relied upon were supported by record].)

We also disagree with defendant's minimization of his failure to register and his criminal history. Defendant's failure to update his sex offender registration after moving out of California was a significant offense that thwarted the fundamental purpose of the registration law. (*People v. Nichols* (2009) 176 Cal.App.4th 428, 437 (*Nichols*).) In addition, his prior criminal history reflects the type of serious and violent recidivism the three strikes law sought to address. (*People v. Strong* (2001) 87 Cal.App.4th 328, 331-332.) The trial court considered the relevant factors including defendant's mitigation claims and concluded defendant did not fall outside the spirit of the three strikes law. The trial court did not abuse its discretion in denying defendant's request to strike one or both of the prior strike allegations.

## III

Defendant further claims his sentence violates the federal and state proscriptions against cruel and unusual punishment.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, but strict proportionality between crime and punishment is not

required. " 'Rather, [the Eighth Amendment] forbids only extreme sentences that are "grossly disproportionate" to the crime.' " (*People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1135.)

The United States Supreme Court has upheld statutory schemes that result in life imprisonment for recidivists upon a third conviction for a nonviolent felony in the face of challenges that such sentences violate the federal constitutional prohibition against cruel and unusual punishment. (See *Lockyer v. Andrade* (2003) 538 U.S. 63 [155 L.Ed.2d 144] [two consecutive terms of 25 years to life for two separate thefts of approximately $150 worth of videotapes]; *Ewing v. California* (2003) 538 U.S. 11 [155 L.Ed.2d 108] [25-year-to-life sentence under three strikes law for theft of three golf clubs worth $399 each].)

"[I]n California a punishment may violate article I, section 6, of the Constitution if, although not cruel or unusual in its method, it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424, fn. omitted (*Lynch*).) "[W]hen a defendant under an indeterminate sentence challenges that sentence as cruel or unusual punishment in violation of the California Constitution, the test is whether the maximum term of imprisonment permitted by the statute punishing his offense exceeds the constitutional limit . . . ." (*Id.* at p. 419.) We consider three areas of focus for assessing disproportionality: (1) an examination of the nature of the offense and the offender; (2) a comparison of the sentence with punishments for different offenses in the same jurisdiction; and (3) a comparison of the sentence with punishments for the same offense in other jurisdictions. (*Id.* at pp. 425-427.)

"In analyzing a cruel and unusual punishment challenge to a sentence imposed upon a defendant convicted of [the failure to register], a court may not simply look to the nature of the offense in the abstract, but must take into consideration all of the relevant specific circumstances under which the offense actually was committed." (*In re Coley*

8

(2012) 55 Cal.4th 524, 553 (*Coley*).)  Where the failure to register demonstrates an effort to evade law enforcement (as opposed to simple negligence which does not affect law enforcement's ability to locate the defendant), a life sentence is constitutional for a three strike offender.  (*Ibid.*; *Nichols, supra,* 176 Cal.App.4th at pp. 435-437; *Crosby v. Schwartz* (9th Cir. 2012) 678 F.3d 784, 794 (*Crosby*); compare *Carmony II, supra,* 127 Cal.App.4th at p. 1073; *Gonzalez v. Duncan* (9th Cir. 2008) 551 F.3d 875 (*Gonzalez*).)

Defendant relies on *Carmony II* and *Gonzalez*, but those cases are distinguishable. In *Carmony II,* although the defendant "failed to register within five days of his birthday, he was still on parole, had recently updated his registration, had not moved or changed any other required registration information during the one month since he registered, and was in contact with his parole officer." (*Carmony II*, *supra*, 127 Cal.App.4th at p. 1079.) In *Gonzalez*, the defendant's failure to reregister the same address was a mere technical violation because the police could still monitor him and there was no evidence the defendant was intending to evade law enforcement surveillance.  (*Gonzalez*, *supra*, 551 F.3d at pp. 884, 887.)

Here, however, law enforcement did not know where defendant was residing for about 10 months and would not have been able to monitor his activities.  Defendant had been informed on many occasions of sex offender registration requirements, including address change registration.  Defendant registered an address change when released from custody in 2010.  After he moved in 2011, defendant did not register his Oregon location. His omission undermined the purpose of the registration requirement, indicated a desire to avoid registration, and created an increased risk of recidivism.  (See *Coley, supra,* 55 Cal.4th at pp. 553, 561-562; *Nichols, supra,* 176 Cal.App.4th at p. 437; *Crosby, supra,* 678 F.3d at p. 794 & fn. 1.)

Defendant's present convictions include two statutory violations of the sex offender registration requirements.  His strike priors include a forcible rape in 2000 and

assault with a firearm with use of the firearm in 1991. Based on our examination of the offenses and the offender, defendant's sentence does not shock the conscience or offend fundamental notions of human dignity. (*Lynch, supra*, 8 Cal.3d at p. 424.) Defendant, an older recidivist offender, is not similar to the youth offender discussed in *People v. Dillon* (1983) 34 Cal.3d 441, a case cited by defendant.

Other than citing *Carmony II*'s analysis, defendant does not discuss punishments for different offenses in California or punishments for the same offenses in other jurisdictions. In any event, defendant is not being punished "merely on the basis of his current offense but on the basis of his recidivist behavior." (*People v. Kinsey* (1995) 40 Cal.App.4th 1621, 1630.) He has not shown that his sentence is unconstitutionally disproportionate. Defendant's sentence is not cruel and/or unusual under either the federal or state Constitution.

## DISPOSITION

The judgment is modified to strike one section 667.5, subdivision (b) prior prison term enhancement on count I and count III. As modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect the judgment as modified, and to deliver a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                    MAURO            , J.


We concur:


                BLEASE            , Acting P. J.


                HULL           , J.