Filed 8/14/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E070015 |
| v. | (Super.Ct.No. INF1601449) |
| JIMMY FLORES MEZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Arjuna (Vic) Saraydarian, Judge. (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

Jimmy Flores Meza appeals his conviction for misdemeanor child endangerment. (Pen. Code, § 273a, subd. (b), unlabeled statutory citations refer to this code.)

The Riverside County District Attorney charged Meza with felony child endangerment about two years after he assaulted his 17-year-old daughter on the street. (§ 273a, subd. (a).)  At the People's request and without objection from Meza, the trial court directed the jury that it could find him guilty of felony child endangerment or the lesser included offense of misdemeanor child endangerment.  A jury found him not guilty of the felony, but guilty of the misdemeanor.

On appeal, Meza argues for reversal because the one-year statute of limitations had run on the misdemeanor offense.  The People argue he forfeited this ground for attacking his conviction because his attorney generally assented to the People's requested jury instructions.  We conclude general consent to a prosecutor's packet of instructions does not forfeit the statute of limitations objection.  Because it is uncontested that Meza's misdemeanor conviction was time-barred, we reverse the judgment.[1]

# I

## FACTS

On September 20, 2014, Meza and his 17-year-old daughter got into an argument in their car.  His daughter got out of the car and ran, but Meza chased and caught her.  He grabbed her by the hair, she fell to the ground, and Meza then hit her head on the

---

[1] Meza also argues the suspended sentence of 360 days in county jail exceeded the statutory maximum for misdemeanor child endangerment, which the People concede. Though we agree (§§ 19, 273a, subd. (b) [six month maximum sentence]; *People v. Scott* (1994) 9 Cal.4th 331, 354), our reversal of the conviction moots the issue.

2

sidewalk about three times and also kicked her. She ended up with a golf ball-sized lump on the back of her head, a bruise above her eye, scratches on her neck, and abrasions on her arms.

Two years later, on September 28, 2016, the district attorney filed a felony complaint charging Meza with felony child endangerment. (§ 273a, subd. (a).) On April 21, 2017, they filed an information with the same charge.

On February 7, 2018, the prosecutor submitted a list of requested jury instructions. The list included a request for an instruction on the lesser included misdemeanor offense. However, the prosecutor did not request an instruction on the statute of limitations. The only thing we know about Meza's consideration of the instructions is the court asked both sides, "Do you both accept the instructions to be given in this case?" Like the prosecutor, Meza's counsel responded, "Yes, your honor." The trial court instructed the jury on the lesser included misdemeanor offense, but gave no statute of limitations instruction. When the court instructed the jury on the lesser included misdemeanor offense, Meza's counsel didn't object.

The next day, the jury found Meza not guilty of felony child endangerment, but guilty of the lesser included misdemeanor offense. Meza filed a timely notice of appeal.

## II

## ANALYSIS

Meza argues his conviction cannot stand because the statute of limitations had run. The People don't contest that fact, but argue he forfeited that basis for appeal by agreeing to the lesser included jury instruction. Meza responds he didn't forfeit the position because the People, not he, requested the instruction, and his attorney's general acceptance of the whole packet of instructions they requested doesn't show his agreement to the lesser included instruction.

The statute of limitations for a felony offense is three years plus any tolling. (§§ 801, 803, subd. (c).) The statute of limitations for a misdemeanor is generally one year and tolling does not apply. (§§ 802, subd. (a), 803, subd. (c).) This shorter statute of limitations applies even when the misdemeanor is a lesser included offense of an offense that was charged as a felony. (§ 805, subd. (b) ["The limitation of time applicable to an offense that is necessarily included within a greater offense is the limitation of time applicable to the lesser included offense, regardless of the limitation of time applicable to the greater offense"].) The statute of limitations completely bars prosecution.

Our Supreme Court has recognized—in a child endangerment case—that "the statute of limitations . . . may be raised as a time bar at any time. [Citation.] If the offense is an alternative felony/misdemeanor (a 'wobbler') initially charged as a felony, the three-year statute of limitations for felonies (see § 801) applies, without regard to the

4

ultimate reduction to a misdemeanor after the filing of the complaint. [Citation.] If, however, the initial charge is a felony but the defendant is convicted of a necessarily included misdemeanor, the one-year limitation period for misdemeanor applies." (*People v. Mincey* (1992) 2 Cal.4th 408, 453.) Under circumstances very like the facts in this case, the Court held where "the reductions of [child endangerment] counts were based on the offenses as necessarily included misdemeanors and not as the statutory alternatives . . . the convictions . . . are barred by the one-year statute of limitations for misdemeanors." (*Ibid.*)

However, it is possible to intentionally relinquish the protection of the statute of limitations. In *Cowan v. Superior Court* (1996) 14 Cal.4th 367 (*Cowan*), the Supreme Court abrogated long-settled precedent holding the statute of limitations implicated the courts' subject matter jurisdiction. *Cowan* decided defendants may plead guilty to time-barred lesser offenses as part of negotiated dispositions, provided they do so for their own benefit and with an express informed waiver of the right to assert the statute. (*Id.* at p. 374.) *Cowan* distinguished between an express waiver and forfeiture by failure to assert the right and declined to hold "the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise it before or at trial." (*Id.* at pp. 372, 374.)

The Supreme Court took up the forfeiture question three years later in *People v. Williams* (1999) 21 Cal.4th 335 (*Williams*). There, the prosecution had filed an information on April 7, 1995 charging defendant with committing perjury on or about February 10, 1992. (*Id.* at p. 338.) Since the applicable statute of limitations was three

5

years, the prosecution was time-barred on the face of the charging document. (*Ibid.*) Williams didn't raise the objection until he appealed, after he had been convicted of perjury and sentenced to three years in state prison. (*Ibid.*) The People argued he had forfeited the objection, but the Court refused to find the issue forfeited.

"We now conclude that when the charging document indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time." (*Williams*, *supra*, 21 Cal.4th at p. 341.) The Court reached its decision based on principles of *stare decisis*, but also emphasized allowing forfeiture would be bad policy. "The statute of limitations, when applicable, completely bars the prosecution. To allow defendants to lose the protection of the limitation accidentally could mean that persons could languish in prison under convictions that could not have occurred had they merely thought of the statute of limitations in time." (*Ibid.*) The Court again took an incremental approach, however, and expressly refused to address the question of forfeiture as it related to convictions for *uncharged* lesser included offenses— the issue we face here. (*Id.* at p. 338 ["We leave to future appellate courts to decide other questions not involved here, such as the proper rules to apply to convictions of time-barred lesser offenses when the charged offense is not time-barred"].)

It didn't take long. Just a few months later, the Court of Appeal for the First District, Division Two addressed one variation of the issue in *People v. Stanfill* (1999) 76 Cal.App.4th 1137, 1150 (*Stanfill*). In *Stanfill*, the defendant stood accused of felony embezzlement of public funds under section 504 alleged to have happened over the course of several years. The same statute provided the offense was a misdemeanor where

6

the embezzled funds were not public or came to less than $400. (§ 504.) After trial, Stanfill requested standard jury instructions on the lesser included misdemeanor offense and general instructions on the statute of limitations. (*Stanfill*, at p. 1142, fn. 1.) Ultimately, the court instructed the jury they could find Stanfill guilty of violating section 504 "if the proof shows beyond a reasonable doubt that he committed any one or more of the acts between the dates of August 6, 1993 and August 5, 1996" and "where a temporary use of property 'aggregates in excess of $400 in any period of twelve consecutive months between August 6, 1993 and August 5, 1996.'" (*Id.* at p. 1143.) The court did not mention the one-year limitation period for the misdemeanor. The jury acquitted Stanfill of the felony offense, but found him guilty of the misdemeanor offense. (*Ibid.*) Stanfill then turned around and appealed the misdemeanor conviction on the ground the trial court had misinstructed the jury by telling them they could convict him of the lesser included misdemeanor without informing them of the one-year limitations period applicable to that offense. (*Id.* at pp. 1142-1144.)

In deciding whether Stanfill had forfeited the statute of limitations issue, the court was concerned primarily with the potential for sandbagging and gamesmanship. The court wrote, "Without a rule that acquiescence or failure to object acts as a forfeiture, the defendant may remain quiet about a limitations problem, avoid the ritual of formal waiver and then, as an ace up his sleeve, secure reversal on the theory that he never expressly waived. This is an unconscionable result that calls for a forfeiture rule." (*Stanfill*, *supra*, 76 Cal.App.4th at p. 1148.) For that reason, the court held "a defendant forfeits the right to complain on appeal of conviction of a time-barred lesser included offense where the

7

charged offense was not time-barred and the defendant either *requested* or *acquiesced* in the giving of instructions on the lesser offense." (*Id.* at p. 1150, italics added.)

We note the *Stanfill* court drew its conclusion despite apparently believing Stanfill had not in fact engaged in such gamesmanship. The court noted that the problem with giving the lesser included instruction without instructing on the applicable one-year statute of limitations "was evidently overlooked below by both the parties and the court." (*Stanfill*, *supra*, 76 Cal.App.4th at p. 1142.) Thus, the court apparently meant its holding to state a pure forfeiture rule, which would cover parties engaged in gamesmanship as well as parties who were, in fact, relinquishing the issue inadvertently. We doubt, for this reason, that *Stanfill* is consistent with principles the Supreme Court articulated in Williams that counsel against allowing inadvertent forfeiture of the right to challenge a time-barred conviction. (*Williams*, *supra*, 21 Cal.4th at p. 341.)

The People argue we should apply the *Stanfill* rule and hold Meza forfeited the right to complain on appeal of a time-barred lesser included offense. Though the record establishes Meza didn't request the lesser included instruction, as Stanfill did, they say he *acquiesced* in the instruction by responding, "Yes, your honor" to the trial court's question whether he agreed with the prosecution's instructional packet in general. His acquiescence, they say, was enough to forfeit the issue on appeal, whether he was engaged in gamesmanship or not.

We don't agree. First, the holding in *Stanfill* does not apply to the facts of this case. In *Stanfill*, the defendant affirmatively requested the instruction on the lesser included offense. He didn't acquiesce in the prosecution's request for the instruction.

8

"'The holding of a decision is limited by the facts of the case being decided, notwithstanding the use of overly broad language by the court in stating the issue before it or its holding or in its reasoning.'" (*People v. Jennings* (2010) 50 Cal.4th 616, 684.) An opinion is authority only on the point decided, and language that sweeps more broadly is *dictum*, with no binding force. (*People v. Vang* (2011) 52 Cal.4th 1038, 1047, fn. 3.) We therefore read as dicta the *Stanfill* court's comment that a defendant may forfeit the right to challenge a lesser included conviction as time-barred by acquiescing to the prosecution's request for the lesser included instruction. The true holding of *Stanfill*—that a defendant forfeits the right to challenge a lesser included as time-barred by requesting the lesser included instruction—has no application to this case. Thus, *Stanfill* does not answer the question whether Meza forfeited the right to appeal by failing to object to the prosecutor's proposed lesser included instruction.

Our case is much closer to *People v. Beasley* (2003) 105 Cal.App.4th 1078, where the defendant was charged with multiple counts of assault with a deadly weapon, but the jury convicted him of the lesser included offense of misdemeanor assault. On appeal, the defendant argued the one-year statute of limitations for misdemeanors barred the convictions. The People argued he had forfeited the issue under the rule in *Stanfill*. (*Beasley*, at pp. 1088-1089.) The *Beasley* court accepted the *Stanfill* rule as stated, but found it inapplicable and reversed the misdemeanor convictions because nothing in the record indicated the defendant either requested or acquiesced in the instruction on assault as a lesser included offense of assault with a deadly weapon. (*Beasley*, at pp. 1089-1090.) Our case is slightly different. It is uncontested Meza did not request the

9

instruction, but there is some evidence of his acquiescence in his attorney's general assent to the prosecutor's instructional packet. Thus, unlike the courts in *Stanfill* and *Beasley*, we must answer the question whether his general assent to the lesser included instruction proposed by the prosecutor justifies holding he forfeited the statute of limitations issue on appeal.

We conclude that, taken alone, general assent to a packet of jury instructions submitted by the prosecution does not show a defendant understood the instructions would allow him to be convicted of a time-barred offense. To hold Meza forfeited his statute of limitations defense on such slim grounds would violate the long-standing general principle that a defendant may not inadvertently forfeit a right to challenge a conviction as barred by the statute of limitations.[2] (*Williams*, *supra*, 21 Cal.4th 335.) *Stanfill* found a defendant's affirmative request to include an instruction for a time-barred lesser included offense justified departing from that general non-forfeiture rule. (*Stanfill*, *supra*, 76 Cal.App.4th at p. 1142, fn. 1.) As we noted above, it appears the court meant that rule to entail forfeiture even where a defendant requested the instruction without realizing the lesser included conviction was time-barred. Regardless whether we agree

---

**2** My dissenting colleague is so caught up in the rubric of ineffective assistance of counsel claims—irrelevant here—he completely misses this Supreme Court directive. He writes, "Whether requesting [the instruction] or simply acquiescing or accepting that it be given, the result is the same—consent to the instruction has been given. Counsel agreed that it be given, and there were obvious sound tactical reasons for doing so." (Dis. opn. at p. 8; see also pp. 9-10.) Respectfully, that is not the issue. We know there was some degree of consent, but we don't know whether it was tactical or inadvertent. The dissent would hold any acquiescing defendant to have forfeited the statute of limitations issue, regardless of the facts of the case, simply because it's possible some defendants may attempt to game this system. That's both unfair and inconsistent with *Williams.*

with *Stanfill*, we decline to extend its holding to allow forfeiture where the prosecution requested the instruction and there is no evidence the defendant made an informed decision to relinquish his right to challenge a conviction for the time-barred lesser included offense on appeal.

The *Stanfill* court thought its broader request-or-acquiescence rule necessary to avoid situations where "the defendant may remain quiet about a limitations problem, avoid the ritual of formal waiver and then, as an ace up his sleeve, secure reversal on the theory that he never expressly waived." (*Stanfill*, *supra*, 76 Cal.App.4th at p. 1148.) Obviously, a defendant who is aware of the statute of limitations issue may attempt to game the system in this way, even if it is the prosecutor who suggests a time-barred lesser instruction. But prosecutors can game the system too. Holding that defendants can forfeit by general acquiescence would allow prosecutors to offer instructions on time-barred lesser included offenses whenever they're not confident of conviction on the greater. If a defendant, like Meza, doesn't notice the limitations issue and consents to the prosecutor's instructions in general, the prosecutor may obtain an improper conviction and use forfeiture to protect it on appeal.

We think maintaining the non-forfeiture rule where the prosecution requests the lesser included instruction establishes the better baseline. It will force prosecutors to be aware of the issue and to obtain an express waiver from defendant before the court presents the lesser included instruction to the jury. In that case, the defendant will have to make a perhaps difficult choice. If they accept the instruction and waive the objection, their conviction may stand despite the limitations problem. If they refuse the instruction,

11

they will take their chances with the jury making an all-or-nothing decision of guilt on the greater offense.  (See generally *People v. Breverman* (1998) 19 Cal.4th 142, 158.)

Even the *Stanfill* court recognized obtaining an express wavier is the better approach.  "[T]rial courts and prosecutors should, whenever instructions on lesser included offenses are considered, determine whether there may be a problem with the statute of limitations and, if so, elicit a waiver of the statute as a condition of giving the instruction."  (*Stanfill*, *supra*, 76 Cal.App.4th at p. 1150.)  We conclude refusing to extend the holding in *Stanfill* to the facts presented here will encourage that approach and make it less likely defendants will forfeit meritorious statute of limitations defenses inadvertently.

We therefore hold Meza did not forfeit the right to complain of the time-barred lesser included offense.  Since it is uncontested the misdemeanor conviction was in fact time-barred, we reverse the judgment of conviction.

## III

## DISPOSITION

We reverse the judgment.

CERTIFIED FOR PUBLICATION

SLOUGH
J.

I concur:


MENETREZ
J.

12

[People v. Meza, E070015]

McKINSTER, J.

I respectfully dissent and would affirm the conviction.[1]

Defendant did not object to the trial court instructing the jury with the time-barred lesser included misdemeanor offense. Nor did he ask for an instruction on the statute of limitations. Instead, when asked by the court if he accepted the jury instructions, defense counsel expressly stated that he did. Without the lesser included offense instruction, defendant would have faced an all-or-nothing choice of conviction of a felony or an acquittal. I would apply the rule of forfeiture to prevent trifling with the court. Having expressly consented to the instruction on the misdemeanor, and having been convicted of that offense, on appeal defendant should not be gifted with the acquittal that he may not have received at trial.

FACTS

Defendant's then 17-year-old daughter finished her shift at McDonald's. When defendant's girlfriend arrived in her car to pick the daughter up, defendant was passed out in the front passenger seat.

The daughter had suspected that defendant had begun using drugs again, and she became angry because she felt let down. She rode in the backseat behind him. A profanity laced argument ensued between them. The daughter struck defendant's face

_____

[1] If we were to reach defendant's second issue, I would accept the People's concession and find that the sentence imposed exceeded the statutory maximum of six months.

1

from behind with a bag of fast food, and then she scratched his face. The girlfriend stopped the car, and the daughter jumped out. Defendant got out, chased after her, and assaulted her.

A Good Samaritan, who did not know defendant or his daughter, testified that he and his family were driving home when he observed a man beating a girl he estimated to weigh about 80 pounds. He saw defendant grab the girl by the hair and throw her across the street like she was a rag doll. He pulled over to intervene.

The girl was screaming and crying. The witness got between them and, at one point, defendant threatened to kill him. The witness had the girl get into his car, and his wife drove a short distance to their home where a 911 call was made. A deputy sheriff responded.

At trial, defendant hugged his daughter in court right before she took the witness stand. She testified she loved her father. She admitted that she told the responding deputy sheriff that her father slammed her head into the cement three times, hit her in the face, and kicked her. However, her testimony was different from what she told the deputy sheriff.

She testified that she had been drinking alcohol during her shift at McDonald's. She claimed that she is a clumsy girl, and the bump on the back of her head probably occurred when she and her father fell to the ground and not from him slamming her head into the pavement. She denied he slapped her or hit her in the face with a closed fist. Rather, she presented herself as the instigator and aggressor during the street fight, but she admitted she had not told anyone that before. The prosecutor impeached her with her

2

preliminary hearing testimony.

During direct examination the daughter was shown pictures of her injuries. With each one she was asked if she received the injury depicted in the photograph during her beating by defendant. She answered that she did not remember and could not remember if the injuries were there before the beating.

The deputy sheriff who responded to the 911 call testified she was dispatched following several 911 calls concerning the beating. She described the injuries she observed on the daughter as including a golf ball size lump on the back of her head, bruising above the right eye, and scratches and abrasions. The deputy impeached the daughter's testimony with statements she had made to the deputy after the incident. The daughter told the deputy that her father slammed her head into the pavement about three times and began kicking her until someone stopped him.

Defendant's girlfriend of five years testified that after the daughter hit and scratched defendant, she stopped the car, and the daughter got out. Defendant then got out and was walking slowly. He acted disoriented and could barely stand. The daughter ran toward him and attacked him again, punching him like a punching bag as a man would do. Defendant tried to pull away, but his daughter kept cursing and attacking until they both fell down, and she hit her head.

Defendant did not testify.

PROCEDURAL BACKGROUND

The prosecutor included the misdemeanor lesser included offense in her request for instructions. Defense counsel submitted no instructions.

The court released the jury for an early lunch, advising them that he needed "to go over with the attorneys the instructions [and] the law that applies to this case that I'm going to read for you. [¶] Before I read it to you, I have to make sure that all parties agree to it. And this will give us a half hour to do that." The jury instruction discussion was not reported.

After the lunch recess and before the jury was brought into court, the trial court referenced "[t]he instructions, counsel and court reviewed. [¶] Do you both accept the instructions to be given in this case?" Both responded in turn, "Yes, your Honor."

DISCUSSION

According to the majority, defendant's general assent to the packet of jury instructions—which included an instruction on the lesser included offense—is insufficient to constitute a forfeiture of the statute of limitations issue. (*People v. Williams* (1999) 21 Cal.4th 335, 341 (*Williams*).) I respectfully disagree.

In *Williams*, *supra*, 21 Cal.4th at pages 337-338, our Supreme Court declined to apply forfeiture where a defendant was convicted of a crime charged in the information that, on its face, occurred outside the statute of limitations period because the trial court lacked subject matter jurisdiction. The Supreme Court stated the statute of limitations could be raised at any time. The issue was not raised by defendant until he appealed. He did not demur to the information. (Pen. Code, §§ 1002-1004, 1012.) Nor did he

4

otherwise raise the running of the statute at his bench trial.

It is readily apparent that counsel in Williams rendered ineffective assistance by not objecting in some manner since there could be no tactical reason to allow a time-barred charged offense to be prosecuted to the detriment of the defendant. There could be no possible benefit to a defendant in doing so.[2] The Williams court concluded the defendant could not "inadvertently" be convicted of the time-barred charged offense without an express waiver of the statute of limitations. (*Williams*, *supra*, 21 Cal.4th at p. 338.)[3]

The *Williams* court expressly limited its holding to crimes actually pleaded in the charging document itself. "We leave to future appellate courts to decide other questions not involved here, such as the proper rules to apply to convictions of time-barred lesser

---

[2] A claim of ineffectiveness of counsel requires a two-pronged showing of deficient performance and prejudice to a defendant. (*People v. Hernandez* (2012) 53 Cal.4th 1095, 1105, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687.)

[3] Before *Williams*, our Supreme Court in *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371 (*Cowan*), created an exception to the general rule that the statute of limitations may be raised at any time. *Cowan* held that a defendant may enter a plea of guilty to a time-barred lesser included offense if the defendant expressly waives the statute of limitations when the waiver is for his or her benefit. (*Id*. at p. 370.)

In *Cowan*, the defendant in a capital prosecution was charged in 1994 with committing three murder offenses in 1984. The defendant was allowed to plead to one count of voluntary manslaughter as a lesser included offense in exchange for a dismissal of the remaining charges. The statute of limitations on that lesser included offense had already expired at the time the charging document was filed. Nonetheless, the Supreme Court concluded that the statute of limitations could be waived by the defendant as it existed for his benefit and that doing so did not violate public policy. (*Cowan*, *supra*, 14 Cal.4th at p. 374.) The *Cowan* court concluded that because the trial court had jurisdiction over the charged murder counts, it retained jurisdiction over the lesser included offense. When a court accepts a plea to a time-barred lesser included offense, it acts in excess of jurisdiction, but it does not lack fundamental jurisdiction. (*Id*. at pp. 373-374.)

offenses when the charged offense is not time-barred." (*Williams*, *supra*, 21 Cal.4th at p. 338.) "Conviction, by plea or otherwise, of a lesser offense than the one charged involves separate concerns and problems not present here. Issues regarding lesser offenses may arise in a variety of factual contexts. We express no opinion on the proper resolution of any such questions but leave them for future appellate courts to decide in cases that actually present them. Today's decision involves only a conviction of a charged offense that, so far as the face of the charging document shows, is untimely." (*Id.* at p. 346, fn. omitted.)

Shortly after the decision in *Williams*, the First District Court of Appeal decided *People v. Stanfill* (1999) 76 Cal.App.4th 1137 (*Stanfill*). There, the defendant was charged with felony embezzlement of public funds for which there was a three-year statute of limitations. He requested a lesser included misdemeanor offense instruction, which the trial court gave. The jury found the defendant guilty of the misdemeanor offense. He appealed, correctly claiming the one-year *statute* of limitations had run on the misdemeanor offense.

After a thorough discussion of *Cowan* and *Williams* and the reasons for and against the application of the forfeiture doctrine, the *Stanfill* court applied a forfeiture rule where the requested time-barred offense is a lesser included offense of a charged offense that itself was not time-barred. The court concluded that the *Williams* court's concern about applying forfeiture in the context of a time-barred charged crime was not as great in the context of a lesser included offense. (*Stanfill*, *supra*, 76 Cal.App.4th at pp. 1148-1150.) Applying forfeiture to time-barred lesser included offenses discourages a

6

defendant from trifling with the court by preventing him or her from remaining silent about an expired statute of limitations, avoiding the ritual of a formal waiver, and then receiving a reversal of the conviction on appeal on the grounds he or she did not expressly waive the statute.  (*Id*. at p. 1148.)

The *Stanfill* court held:  "[A] defendant forfeits the right to complain on appeal of conviction of a time-barred lesser included offense where the charged offense was not time-barred and the defendant either requested or acquiesced in the giving of instructions on the lesser offense.  In other words, a defendant must raise the issue in the trial court in order to preserve it for appeal."[4]  (*Stanfill*, *supra*, 76 Cal.App.4th at p. 1150.)

---

**4** Although the Supreme Court has not yet had occasion to decide whether forfeiture should apply in a case such as this, it adopted the reasoning of *Stanfill* in an analogous situation.  In *People v. Simon* (2001) 25 Cal.4th 1082, the defendant was tried and convicted of two felony counts in the wrong venue, but he failed to raise the issue of improper venue at his preliminary hearing before the former municipal court held him to answer and the case was certified to the superior court for trial.  The Supreme Court held, "a defendant in a felony proceeding who fails timely to assert an objection to the venue in which the proceeding has been brought and is to be tried should be found to have forfeited any right to object to trial in that venue."  (*Id*. at p. 1103.)  Relevant for my purposes, the court noted, "because even when a criminal charge is filed in a county other than a statutorily authorized venue, a defendant may not view the location in which the charge has been filed as unduly burdensome or undesirable, but on the contrary may prefer for strategic reasons to be tried in that venue rather than in a statutorily designated locale, there is a compelling basis for not permitting a defendant who has remained silent and has allowed the proceeding to go forward in the initial location, thereafter to raise a claim of improper venue during trial or on appeal."  (*Id*. at p. 1104.)

And in a footnote, the *Simon* court stated:  "Because a defendant's failure to raise a timely objection to venue often will reflect a strategic decision on the part of the defense, and because the commencement of a proceeding in an improper venue is a defect that easily can be remedied if timely raised, the issue before us is readily distinguishable from a defendant's failure timely to raise a claim that the statute of limitations on a charged criminal offense has run.  Consequently, our decision in *People v. Williams*, *supra*, 21 Cal.4th 335, reaffirming the long-standing rule that a criminal

7

The facts of our present case differ slightly from *Stanfill*. Here, defendant did not request an instruction on the time-barred lesser included offense, but he affirmatively accepted the instructions which included one. That puts the facts of the present case squarely within the "or acquiesced" rubric of *Stanfill*.

In my view, accepting the instructions constituted consent to instructing on the time-barred lesser offense and is tantamount to requesting it. It is essentially a distinction without a difference. Whether requesting it or simply acquiescing or accepting that it be given, the result is the same—consent to the instruction has been given. Counsel agreed that it be given, and there were obvious sound tactical reasons for doing so. Defendant was convicted of the misdemeanor and avoided the more serious consequences of a felony conviction that may have occurred if the jury's only other choice was a total acquittal.

Under these circumstances, agreeing to instruct the jury on the time-barred lesser offense was beneficial to defendant and, in my view, defense counsel rendered effective assistance in accepting the instruction whether he knew the lesser offense was time-barred or not. It should not really matter to a defendant or his counsel whether the lesser

---

*Footnote continued from previous page*

defendant's failure to raise a statute of limitations claim prior to or at trial does not constitute a forfeiture of such a claim, is consistent with our determination in the present case that the general forfeiture doctrine is applicable to a claim of improper venue. (Cf. *People v. Stanfill* (1999) 76 Cal.App.4th 1137, 1150 [holding that, because of the substantial risk of gamesmanship, 'a defendant forfeits the right to complain on appeal of conviction of a time-barred lesser included offense where the charged offense was not time-barred and the defendant either requested or acquiesced in the giving of instructions on the lesser offense'].)" (*Simon, supra*, 25 Cal.4th at p. 1104, fn. 15.)

8

offense was time-barred because a misdemeanor conviction is obviously always preferable to a felony conviction if the jury is not otherwise disposed to acquit. Forfeiture is appropriate on the facts of this case.

In *Williams*, there could be no tactical reason for a defendant to fail to demur or otherwise object to a charged crime that is time-barred on its face. Failure to object constituted ineffective assistance of counsel as the court lacked jurisdiction. The nonforfeiture rule of *Williams* makes perfect sense on its facts.

In *Cowan*, there was a sound tactical reason for the defendant to plead to a time-barred charge of manslaughter. By pleading to that charge, he received the benefit of certainty regarding the consequences of a plea to the lesser charge rather than the uncertainty of taking his chances at trial in a multiple count capital murder case.

Likewise, in our case, there is a benefit to defendant, as discussed ante, because there is an obvious sound tactical reason for defense counsel to consent to instructing the jury on the time-barred misdemeanor even on this otherwise silent record.[5]

*Cowan*, *Williams*, and *Stanfill* have suggested taking an express waiver from a defendant and advised putting on the record any statute of limitations issues. (See *Cowan*, *supra*, 14 Cal.4th 367; *Williams*, *supra*, 21 Cal.4th at pp. 344, 346, & fn. 5

---

[5] Defendant has not raised an ineffective assistance of counsel claim on direct appeal. The record is inadequate to do so. However, defendant has not concomitantly filed a petition for habeas corpus raising ineffective assistance of counsel with any accompanying affidavits providing facts demonstrating ineffective assistance that fall outside the record. He could have done so. (*Stanfill*, *supra*, 76 Cal.App.4th at pp. 1149-1150, citing *Williams*, *supra*, 21 Cal.4th at pp. 342-343.)

[offering advice to place the issue on the record to forestall ineffective assistance claims, but leaving "to future courts, however, to decide the legal significance of the absence of an express waiver following conviction of a time-barred lesser offense"]; *Stanfill*, *supra*, 76 Cal.App.4th at p. 1148].) It is good advice, but that advice has been largely ignored. The majority opinion, in effect, announces a new mandatory express waiver rule for time-barred lesser included offenses that our Supreme Court has heretofore not required. Under the majority's rule, without the express waiver, a conviction of a time-barred lesser included offense will always result in a reversal on appeal. I would not create such a new rule.

While it is frustrating to have a silent record, a conviction of a time-barred lesser included offense should not be overturned on appeal where there is an obvious benefit to a defendant to request, or expressly acquiesce in giving, an instruction on the lesser offense. I believe most defense counsel would agree that if they cannot get an acquittal or hung jury at trial, a conviction of a misdemeanor is preferable to a conviction for a felony. Whether that misdemeanor is time-barred or not would be irrelevant to a defense counsel's tactical decision to avoid the consequences of a felony conviction.**⁶**

The reasoning of *Stanfill* is sound. A defendant who does not object to instructing on a time-barred misdemeanor lesser included offense, where there is a possible benefit to him or her, should not be allowed on appeal to complain he or she was convicted of

---

**6** If a defense counsel objected to instructing the jury on a time-barred lesser misdemeanor offense, and a defendant was convicted of a felony, I would anticipate an inevitable claim of ineffective assistance of counsel on appeal.

that misdemeanor when, without it, he or she may have left the courtroom a convicted felon.

Defendant in the present case affirmatively allowed the jury to be instructed on the time-barred lesser misdemeanor offense, and he was convicted of that offense. On appeal, he has no cause for complaint, let alone receive a windfall acquittal. We should not countenance a rule that allows a defendant to effectively say, "Heads I win, tails you lose."

McKINSTER
Acting P. J.

11