Filed 7/3/25  P. v. Orozco CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GEORGE LENO OROZCO,<br><br>        Defendant and Appellant. | E083679<br><br>(Super.Ct.No. SWF2200167)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In 2024 a jury convicted George Leno Orozco of shoplifting as a lesser alternative to the charged offense, robbery. He appealed his judgment. His attorney has filed a brief under the authority of *People v. Wende* and *Anders v. California*[1] informing this court they were unable to identify any errors and asking us to perform an independent review of the record. We affirm.

BACKGROUND

On September 22, 2021, a supervisor at Home Depot saw Orozco walk out of the store without paying for a table saw. The supervisor testified that he confronted Orozco and asked him for a receipt, and Orozco refused to provide one. According to the supervisor, Orozco pushed a shopping cart toward him, which made the supervisor fear for his safety. When the supervisor pulled out his phone to call the police, Orozco lunged at him to try to take his phone. The supervisor said he let Orozco leave with the table saw because he was concerned for his safety. At trial, Orozco denied threatening or otherwise being violent to the supervisor, but admitted to leaving the store without paying for the table saw.

In January 2022 the Riverside County District Attorney filed a complaint against Orozco charging him with robbery (Pen. Code § 211)[2] and attempted interference with a wireless communication device. (§§ 664, 591.5) Orozco waived formal arraignment on August 31, 2022, less than a year after he stole the table saw. In February 2024 the

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).
[2] Unlabeled statutory citations are to the Penal Code.

prosecution filed a second amended information, which added allegations that Orozco committed the offenses while released on another primary offense (§ 12022.1) and that he had a prior serious felony conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). By the time presentation of evidence started, however only the robbery charge and the prior serious felony allegation remained to be tried.

During an early discussion on jury instructions, Orozco requested that the court not instruct the jury on shoplifting (§ 459.5) as a lesser included offense of robbery. However, the court believed it had a sua sponte duty to give the lesser instruction. Orozco ultimately withdrew his objection to such an instruction except to contend that shoplifting was barred by the statute of limitations.[3]

In March 2024 the jury convicted Orozco of shoplifting.

In April 2024 Orozco filed a motion to dismiss, arguing the shoplifting conviction was barred by the statute of limitations. The prosecution opposed the motion. The trial court denied Orozco's motion and sentenced him to one year of informal probation.

## DISCUSSION

We appointed counsel to represent Orozco on appeal, and counsel has filed a brief under the authority of *Wende* and *Anders*, setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record. Counsel's brief identified three potential issues: (1) whether the court had a sua sponte

---

[3] The parties and the court agreed shoplifting was a "lesser included" offense rather than a "lesser related" offense. Though this distinction matters, it does not matter for our purposes, so we do not consider whether this was correct.

duty to instruct on shoplifting as a lesser related offense, and if not whether it was error to give the instruction, (2) whether the shoplifting conviction was barred by the statute of limitations, and (3) if defense counsel withdrawing their objection to the instruction meant they rendered ineffective assistance. We offered Orozco an opportunity to file a personal supplemental brief, and he has done so. His supplemental brief argues the statute of limitations issue identified in defense counsel's brief.

Orozco's statute of limitations argument is unavailing. Orozco is correct that "[t]he statute of limitations for a misdemeanor is generally one year and tolling does not apply," and that "[t]his shorter statute of limitations applies even when the misdemeanor is a lesser included offense of an offense that was charged as a felony." (*People v. Meza* (2019) 38 Cal.App.5th 821, 825.) However, "prosecution for an offense is commenced when," among other things, "[t]he defendant is arraigned on a complaint that charges the defendant with a felony." (§ 804, subd. (c).) Here, Orozco was arraigned in August 2022, just shy of a year after the theft. Because prosecution commenced within a year, the shoplifting conviction was not barred by the statute of limitations.

We have also independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Orozco.

4

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

We concur:


RAMIREZ

P. J.


McKINSTER

J.