Filed 6/9/26  P. v. Williams CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHAWNTELLA LATRICE WILLIAMS,<br><br>    Defendant and Appellant. | A173481<br><br><br>(Solano County Super. Ct. No. VCR237701) |

A jury convicted Shawntella Latrice Williams of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and the trial court sentenced her, after finding she had suffered at least three previous drunk driving convictions within a 10-year period (Veh. Code, § 23550), to a felony term (two years) in county jail.

Williams's appointed appellate counsel filed a brief raising no issues and asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Williams was advised by her appellate counsel of the right to file a supplemental brief within 30 days of the date the *Wende* brief was filed.  But she did not file one.  Nonetheless, based on our independent review of the record, we invited the parties to file supplemental briefs addressing whether Williams's prosecution— for felony driving under the influence of alcohol—was barred by

1

the statute of limitations.  After obtaining briefs from counsel, we affirm.

## BACKGROUND

### A.

On May 27, 2020, at about 10:00 a.m., Benicia Police Department Officer Mark Simonson responded to a report of a suspicious person—specifically, a female driving a silver Dodge Neon.  On arriving at the scene, Officer Simonson observed the Dodge Neon moving backwards in a parking lot.  Officer Simonson pulled up alongside the Neon and it pulled forward and then stopped.

After approaching the car on the passenger side, Officer Simonson talked to the driver, who was identified as Williams, and noticed her speech was slurred, and "her facial muscles were very relaxed"—both of which indicated possible intoxication.  There was no one else in the vehicle with Williams, but there was "a small bottle of gin"—the size of a "pint-size flask"—in plain sight on the passenger seat.  The bottle had been opened and was about two-thirds full.

Officer Simonson turned over the investigation to Benicia Police Department officer Aaron Damm when he arrived within a couple minutes.  When Officer Damm initially spoke with Williams, she denied having any alcohol to drink.  However, Officer Damm testified at trial regarding his observations of Williams's conduct and appearance, including "a strong odor of alcoholic beverage" on her breath.  Officer Damm also testified about Williams's performance on multiple field sobriety tests, which indicated a high probability Williams was impaired by alcohol intoxication.

Believing Williams's test results were positive indications of impairment, Officer Damm asked her to give a breath sample for a preliminary alcohol screening test.  Initially, Williams was

unable to blow enough air. Officer Damm then reset the device to use the manual capture mode. After Williams blew again during the manual capture test, the device showed a .20 blood-alcohol level. After a second test, Williams was placed under arrest. Once at the police station, a phlebotomist took blood samples from Williams.

A senior criminalist with the Solano County District Attorney Bureau of Forensic Services testified as an expert in, among other things, forensic alcohol analysis and the effects of alcohol on the body. The expert was unable to test the blood drawn from Williams because the sample was insufficient. Although he could not "say [Williams] was definitely impaired by alcohol," the expert opined that Williams's symptomology (as observed in video evidence shown to the jury) was "consistent with somebody who is impaired by alcohol."

**B.**

The information, which was filed on November 12, 2024, alleges that Williams committed the offense of felony driving under the influence (Veh. Code, §§ 23152, subd. (a), 23550) on May 27, 2020. At the conclusion of the trial, from which the court found Williams had at times been voluntarily absent, a jury convicted Williams of driving under the influence of alcohol.

After Williams waived her right to a jury trial on the prior conviction allegations, the court found beyond a reasonable doubt that Williams had previously been convicted of driving under the influence (Veh. Code, §§ 23152, subds. (a), (b), 23153, subds. (a), (b)), as alleged in an amended information, on the following four occasions: July 9, 2015 (Veh. Code, § 23152, subd. (a)), June 10, 2016 (*id.,* § 23152, subd. (b)), November 10, 2016 (*ibid.*), and July 9, 2019 (*ibid.*). The court deemed Williams's conviction in this case a felony.

3

The trial court sentenced Williams to a two-year (middle) term in county jail (Pen. Code, § 1170, subd. (h)(1)), with credit for 216 days served.[1]  The court also ordered Williams to pay a $600 restitution fine (*id.*, § 1202.4, subd. (b)), a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)), and a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)).

## DISCUSSION

In Williams's supplemental brief, her counsel concedes that the prosecution was timely commenced *if* the felony statute of limitations applies.  Williams suggests that the prosecution was barred by the shorter statute of limitations applicable to misdemeanors.  We agree with the People that Williams's prosecution was timely.

### A.

First, we reject Williams's assertion that the applicable statute of limitations is one year.  We independently review the question of which statute of limitations to apply.  (See *People v. Brown* (2018) 23 Cal.App.5th 765, 772.)

With some exceptions not applicable here, the statute of limitations for a misdemeanor is one year.  (§ 802, subd. (a) [one-year limitations period applies to offenses that are "not punishable by death or imprisonment in the state prison or pursuant to subdivision (h) of Section 1170"]; *People v. Meza* (2019) 38 Cal.App.5th 821, 825.)  If an offense is "punishable by imprisonment in the state prison or pursuant to subdivision (h) of Section 1170," the statute of limitations is, generally, three years.  (§ 801.)  To determine the applicable statute of limitations, section 805, subdivision (a), instructs:  "An offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or

_____

[1] Undesignated statutory references are to the Penal Code.

4

imposed.  *Any enhancement of punishment prescribed by statute shall be disregarded in determining the maximum punishment prescribed.*"  (Italics added.)

We reject Williams's assertion that the misdemeanor statute of limitations applies because Vehicle Code section 23550, subdivision (a), provides an enhancement term to the term otherwise applicable to an underlying misdemeanor driving under the influence offense.

"The term 'enhancement' has a well-established meaning in California law."  (*In re Anthony R.* (1984) 154 Cal.App.3d 772, 776.)  A sentence enhancement adds an additional term of imprisonment to the base term for a particular offense.[2]  (*People v. Jones* (2009) 47 Cal.4th 566, 576; *Anthony v. Superior Court* (2010) 188 Cal.App.4th 700, 719 ["we do not find any authority mandating that . . . we are required to read section 805's reference to 'enhancement' as having anything other than its technical meaning: an additional term of imprisonment added to the base term"]; see Cal. Rules of Court, rule 4.405(5).)

True, a violation of Vehicle Code section 23152, subdivision (a), is ordinarily a misdemeanor offense.  (Veh. Code, §§ 23536, subd. (a), 23540, subd. (a), 23546, subd. (a); *People v. Coronado* (1995) 12 Cal.4th 145, 150.)  However, if the offender has previously been convicted of the same crime on three or more occasions within 10 years, the same violation becomes a wobbler offense that may be punished as a felony.  (Veh. Code, § 23550, subd. (a) ["[i]f a person is convicted of a violation of [Vehicle Code] Section 23152 and the offense occurred within 10 years of three or more separate violations of [Vehicle Code] Section 23103, as

---

[2] "An example [of an enhancement is] subdivision (a) of section 12022.7, which provides that any person who personally inflicts great bodily injury in the commission of a felony shall 'be punished by an *additional term* of three years.' "  (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.)

5

specified in [Vehicle Code] Section 23103.5, or [Vehicle Code] Section 23152 or 23153, or any combination thereof, that resulted in convictions, that person shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code, or in a county jail for not less than 180 days nor more than one year, and by a fine"]; *People v. Burris* (2005) 34 Cal.4th 1012, 1016 "[u]nder Vehicle Code section 23550, subdivision (a), driving under the influence within seven years of three or more DUI convictions is a 'wobbler' and may be prosecuted as a misdemeanor or a felony at the prosecutor's discretion"].)

Vehicle Code section 23550 is not a sentence enhancement because it does not add an additional term of imprisonment to the base term for driving under the influence. Instead, the statute provides an alternate penalty when it is proven that the offender has suffered three or more prior convictions for the same offense within the past 10 years. Similar provisions—which establish an alternate penalty due to aggravating circumstances (including recidivism-based circumstances), do not constitute "enhancements," within the meaning of Penal Code section 805, and thus may be considered for purposes of calculating the statute of limitations. (*Anthony v. Superior Court, supra,* 188 Cal.App.4th at p. 712; *People v. Shaw* (2009) 177 Cal.App.4th 92, 98, 101; *People v. Johnson* (2006) 145 Cal.App.4th 895, 905 (*Johnson*).)

Accordingly, because imprisonment "pursuant to subdivision (h) of [Penal Code] [s]ection 1170" is the maximum term prescribed by the statutes for the offense of driving under the influence (Veh. Code, §§ 23152, subd. (a), 23550, subd. (a)), the applicable statute of limitations is three years. (See Pen. Code, §§ 801 ["[e]xcept as provided in [Penal Code] [s]ections 799 and 800, prosecution for an offense punishable by imprisonment in the state prison *or pursuant to subdivision (h) of* [Penal Code] [s]*ection 1170* shall be commenced within three years after

commission of the offense"] italics added, 805, subd. (a); *Shaw,* at pp. 98, 100-101 [three-year statute of limitations applied to child annoyance or molestation offense that was a felony, under Pen. Code, § 647.6, subd. (c)(2), due to defendant's recidivism]; *Johnson,* at pp. 904-907 [three-year statute of limitations applied to indecent exposure offense that was a felony, under Pen. Code, § 314, subd. 1, because of defendant's prior convictions for same offense].)

Contrary to Williams's assertion, the maximum penalty set by Vehicle Code section 23550, subdivision (a), does not constitute an enhancement, which we are to disregard under Penal Code section 805. Williams supports her assertion only by citing opinions that refer, in passing, to Vehicle Code section 23550 (or its predecessor, Vehicle Code section 23175, repealed by Stats. 1998, ch. 118, § 41, eff. July 1, 1999) as "enhancement statutes." (See, e.g., *People v. Sweet* (1989) 207 Cal.App.3d 78, 83.) None of these cases considered whether Vehicle Code section 23550 provides for an enhancement within the meaning of Penal Code section 805. An opinion is not authority for propositions not considered. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900, fn. 6.)

## B.

In the event we conclude (as we have) that the three-year statute of limitations (§ 801) applies, Williams concedes that the prosecution was timely due to tolling. We agree.

In a felony case, prosecution is not commenced at the time the complaint is filed. (§ 804; *Johnson, supra*, 145 Cal.App.4th at p. 900.) Section 804 provides three dates on which a felony prosecution may begin: (1) when the information or indictment is filed; (2) when the defendant is arraigned on a felony complaint; or (3) when an arrest or bench warrant issues.

7

Here, the information filed in the instant prosecution (Solano County Superior Court Case No. VCR237701) shows, on its face, that the offense was committed on May 27, 2020, but the information was not filed until November 12, 2024. (See § 804, subd. (a).) The record before us at the time we conducted our initial independent review showed Williams was not arraigned on a felony complaint until August 14, 2023—about three years and three months after the offense was committed. (See *id.*, subd. (c).) And a bench warrant naming Williams issued just a few weeks earlier, in July 2023. (See *id.*, subd. (d).)

After we requested supplemental briefing, Williams asked to augment the record to include court records from a previous case (Solano County Superior Court Case No. VCR236114) that was dismissed but had been based on the same conduct. We granted that request.

The undisputed facts now before us clarify that the statute of limitations was tolled for a period of 248 days while the VCR236114 case was pending and that the instant (VCR237701) prosecution commenced within three years of May 27, 2020—once the 248 days the prior (VCR236114) case was pending are subtracted from the total elapsed time until Williams's arraignment on a felony complaint. (See § 803, subd. (b) ["[t]he time during which prosecution of the same person for the same conduct is pending in a court of this state is not a part of a limitation of time prescribed in this chapter"]; § 804, subd. (c) [prosecution is commenced when "[t]he defendant is arraigned on a complaint that charges the defendant with a felony"].)

Williams's conviction is not time barred. Our independent review of the record uncovered no other arguable issues that would result in a judgment more favorable to Williams.

## DISPOSITION

The judgment is affirmed.

8

                                                                    BURNS, J.

WE CONCUR:


JACKSON, P. J.
SIMONS, J.

*People v. Williams (A173481)*